## No. 7120.

### JAMES WOOD TO THE COURT.

The power of this court to issue writs of habeas corpus being confined to cases when we may have appellate jurisdiction, although no appeal be actually pending, it follows that we can not issue such a writ in a case where no fine has been imposed, and the sole proceeding in which the writ is asked, is a sentence of the lower court condemning the petitioner to imprisonment for contempt.

A sentence of the lower court sending a party to prison for some act of contempt committed during the trial of a case, is no part of the case, and hence the amount in dispute in the case has no bearing on the question of the jurisdiction of this court as to the sentence of the lower court in the matter of the contempt. Nor can an allegation that the imprisonment of the petitioner will damage him to an amount above the appealable sum, give this court jurisdiction.

APPLICATION for a writ of *Habeas Corpus.*

*J. J. Foley* for petitioner.

The opinion of the court was delivered by

MANNING, C. J. The petitioner alleges that he is in prison under an unlawful sentence of the judge of the fourth District court of this city, condemning him to imprisonment for ten days for a contempt of court, and applies to this court in full Bench for the writ of habeas corpus.

It appears that a suit had been tried wherein Wood, and another person of the same name, were defendants, and the jury had left the court room to deliberate, when Wood assaulted Benedict, the lawyer of his adversary in the suit, and struck him with a stick. This was not done in the court room, in the immediate presence of the judge, but in the court building and in a clerk's office, the court being however in session. The judge sent Wood to jail for ten days, and very properly.

Our power to issue writs of *habeas corpus* is confined to "cases when we may have appellate jurisdiction." art. 77 Const. It is very clear that we have not, and can not have appellate jurisdiction here. There is no fine imposed, and the sole proceeding or case in which the writ is asked, is that of the sentence, or order of imprisonment. It was a summary proceeding of the court, directed against the violator of its good order and decorum, the object of which was to vindicate its sacredness.

It seems to have been supposed that jurisdiction could be conferred upon us, by alleging that the party imprisoned is damaged more than five hundred dollars by his detention from his business and family, and yet again, by alleging that the "sum involved in the suit of Golding v. Wood in which the contempt was committed" is over five hundred dollars.

The contempt of court was not committed in a case. It is of no

consequence whether a case was on trial, or what case. The contempt has no connection with the case of Golding v. Wood, except in so far as it may have been committed because of something said on that trial. The commitment is headed by the clerk with the name of that case, which is a mistake, and certainly does not make the contempt case a part of the other. The amount involved in that case is not a matter having any connection with this. It certainly can not give us jurisdiction, nor can an allegation that the imprisonment of the petitioner will damage him in an amount above the appealable sum for the jurisdiction of this court to attach.

It is not essential to give us power to issue this writ, that we should have jurisdiction by an appeal actually pending, but the matter must be such that this court may have ultimate jurisdiction in the event that the proceedings of the lower court reach a stage when an appeal would lie.

The proceedings in the lower court are complete. There is nothing more for the court to do, and nothing it has done gives us jurisdiction.

By the court;—The application for the writ of *habeas corpus* is refused.