No. 8107.

STATE OF LOUISIANA EX REL. LUCIEN DEBUYS VS. CIVIL SHERIFF OF THE
PARISH OF ORLEANS.

The power of this Court to issue writs of *Habeas Corpus* is confined to cases within its appellate jurisdiction.

Its authority, in this respect, is not extended by the terms of Article 90 of the Constitution beyond the special restriction contained in Article 89.

The fact that the case in which the contempt of court has been committed, is appealable, does not render the proceeding for contempt appealable.  Case of Wood, 30 An., 672, affirmed.

J. O. Nixon, Jr., and E. W. Huntington for the Relator.

The opinion of the Court was delivered by

FENNER, J.   The relator, averring that he is illegally detained in custody by the Civil Sheriff under a commitment issued by the Civil District Court for the parish of Orleans, and averring sundry illegalities and irregularities in the proceedings under which said commitment was

issued, applied to this Court for a writ of *habeas corpus* addressed to the said sheriff.

The writ was issued and made returnable this day, and in obedience thereto the sheriff produced the body of the relator in open court and made his return to the writ by exhibiting a duly certified copy of the commitment in virtue of which he had taken and held the relator in custody.

From that commitment it appears that it was issued in execution of a decree of the Civil District Court condemning the relator to ten days imprisonment in the parish prison and to pay a fine of fifty dollars for a contempt of the authority of said court.

The first point to be determined is whether the case is within our jurisdiction.

The Constitution, article 89, expressly confines the authority of this Court to issue writs of *habeas corpus* to " cases where it may have appellate jurisdiction."

We do not regard that authority as, in any manner, extended by the terms of article 90 providing this Court "shall have control and general supervision over all inferior courts, and shall have power to issue writs of certiorari, prohibition, mandamus, *quo warranto* and *other remedial writs.*"

The concluding general phrase " other remedial writs" cannot be construed to include the writ of *habeas corpus*, and, thereby, to take it out of the operation of the express restriction imposed by the preceding article 89. There are other remedial writs known to our system of practice besides those named in article 90 and the writ of *habeas corpus*— notably the writ of *distringas*, which might, under conceivable circumstances, be used by this Court in enforcement of its powers.

But, in any event, the maxim " *generalia specialibus non derogant*" would prevent the general clause in article 90 from destroying the special restriction of article 89, or from having such effect as would render the latter superfluous and inoperative. We have, under the Constitution, three kinds of jurisdiction, viz : 1st, appellate ; 2d, supervisory ; 3d, original. Our appellate jurisdiction is regulated exclusively by article 81 of the Constitution. It is no new question, but has been repeatedly determined that our jurisdiction to issue writs of *habeas corpus* is confined to cases within our appellate jurisdiction.

State vs. Fenderson, 28 A. 82.

*In re* Wood, 30 A. 672.

State *ex rel.* Sinnott vs. Falls, 32 A. 555.

State *ex rel.* Falkenstein vs. Fitzpatrick, Opinion Book No. 53, p. 44.

State *ex rel.* Finney vs. Judge, Id. p. 127.

*In re* Dandridge, Id. 279.

State ex rel. DeBuys vs. Civil Sheriff.

We fully adhere to the doctrine of these decisions, which were only rendered on due deliberation.

It only remains to determine whether the instant case is one in which we have appellate jurisdiction.

Neither the amount of the fine nor the character and term of the imprisonment, nor any "matter in dispute" in the proceeding, brings the case within our appellate jurisdiction as defined by article 81.

The argument that the case of Berje vs. The City of New Orleans, in reference to which it appears the alleged contempt was committed, is appealable in its character, and that therefore the proceeding for contempt is appealable has been fully disposed of by our predecessors in the case of Wood, 30 A. 672, where in a case precisely similar to this, the Court said : "It seems to be supposed that jurisdiction could be conferred upon us, by alleging that the sum involved in the suit of Golding vs. Wood, in which the contempt was committed, is over five hundred dollars. The contempt of court was not committed in a case. The contempt has no connection with the case of Golding vs. Wood, except in so far as it may have been committed because of something said on that trial. * * The amount involved in that case is not a matter having any connection with this."

We follow this case not merely as a precedent, but as one fully founded in reason and principle. It is a mere accident that the contempt alleged in this case had reference to the case of Berje vs. City, involving an appealable amount. The contempt would not have been different had it referred to an unappealable case. This is exclusively a proceeding involving the question of contempt, and resulting in a judgment imposing no appealable penalty.

The application is therefore refused at relator's costs, and the accused is remanded to the custody of the sheriff.

Mr. Justice Poché takes no part as he was not present during the argument.