<hr />

### No. 8598.

STATE EX REL. O'MALLEY VS. W. T. HOUSTON, JUDGE.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The petition for a prohibition and the return of the defendant thereto, are, on the face of the papers, submitted for adjudication.

The relator complains that he was condemned for contempt of court, and committed to jail for ten days, under circumstances which do not

justify the sentence and his imprisonment; that in thus acting, the District Judge has usurped a jurisdiction with which the law does not vest him. He prays that a restraining order issue, and that, after due course of law, the provisional prohibition be perpetuated.

The Judge urges that the relator is not entitled to the relief sought, because a prohibition does not lie in such a case, and because the facts justify his action.

In the case of State ex rel. Brown vs. the same Judge, recently decided, which was an application for a *certiorari* and for 'a *habeas corpus*, to test the validity of a commitment for contempt of court, we declined relief for the double reason, that the proceedings assailed appeared to have been regularly conducted, and that we have no jurisdiction in matters of *habeas corpus*, unless in cases in which we can have appellate jurisdiction.

It appears in this instance that the acts charged as not constituting a contempt, not having been committed within the presence or hearing of the court, the rule was issued and tried contradictorily with the relator, and that, after trial, the Judge considered that under the circumstances, the defendant therein was guilty of a contempt of his authority, and ordered his confinement for ten days.

A prohibition is allowed against an inferior court only where it exceeds the bounds of its jurisdiction. C. P. 845.

The moment that such court acquires jurisdiction over a cause, it becomes vested with power to enforce it, by rendering and carrying out all orders which precede or follow judgment, and to finally adjudicate upon it.

All courts possess the inherent power of bringing to their bar and punishing for contempt of their authority, not only the parties to the litigation, the jurors, the witnesses, the officers of the court, but also offenders not connected with the controversy, whenever they impede or obstruct the process of the court, disturb its proceeding, insult its officers or commit any act which interferes with or thwarts its administration of justice. Each court has necessarily the power of determining for itself, whether the act or acts thus done constitute or not a contempt of its authority, and, where it has exercised that power and passed sentence, in the manner and form prescribed, and within the limitations fixed by law, it does not appertain to this Court, as a rule, to inquire into the facts passed upon, with a view to ascertain and determine whether a contempt was or not actually committed and to release the convicted offender. 32 An. 1256, 1225.

The regular ruling of a Judge on a question of contempt is no more revisable than his regular ruling in an unappealable case.

State ex rel. O'Malley vs. Judge.

It is an essential, privileged and significant attribute, which should be exercised with independence, but with discretion and dignity.

It is unfortunately possible, that forgetful of his mission of peace and conciliation, a magistrate may palpably ill use that conservative power, so as to become reproachable with oppression in office, but, in such instances rarely to occur, the question of abuse of authority cannot be determined and remedied against by the process now sought.    Wells on Jurisdiction, p. 178, § 179.

The District Judge had jurisdiction and has regularly exercised it. C. P. 131.

Whatever may be the extent of our supervisory powers or jurisdiction over inferior tribunals, we do not think that, under the showing made in this case, we should allow the relief demanded.    32 An. 1092, 1182; 33 An. 923.

It is therefore ordered that the application be dismissed with costs.

[NOTE.—The authorities in the Brown case are relied upon in this case.]

ERRATA—

P. 234, " They do not affect it all," should read " They do not affect it at all."
P. 256, " existence" should be " resistance."
P. 607, " Nor is it elsewhere," should be " Nor is it different elsewhere."
P. 671, " judicial contraction " should be " judicial construction."