No. 10,153.

STATE EX REL. BARTHET VS. JUDGE DIVISION B, CIVIL DISTRICT COURT PARISH OF ORLEANS.

The Supreme Court will not interfere with inferior courts in cases of contempt, when it is found that such courts exercised a jurisdiction vested in them, that the decree rendered was a proper exercise of judicial power, and that disobedience of such order was punishable as a contempt.

In such cases it has no concern with the question whether the act charged was or not committed, or did or not constitute a contempt, and will not review the facts on which the lower court acted to punish for contempt.

APPLICATION for Certiorari.

F. Michinard for Relator :

Villavaso vs. Walker. 24 Ann. 213 ; Matter of Vanderbilt, 4 Johnson's Chancery, R. p. 57 ; State vs. Harvey, 14 Wisconsin, 151 ; Case of Lafon's Hen., 3 U. S., 713 ; Arts. 1011 and 1012, C. P.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *certiorari*. The complaint of the relator is that the district judge has arbitrarily sentenced

him for contempt for having violated an injunction which at the time of its alleged infraction had ceased to have any existence.

In his return, the district judge sets forth reasons for his justification.

The prayer is that the validity of the proceedings attacked be considered, and that the sentence be annulled to all purposes.

It appears that the district court, in 1885, issued an injunction to prevent the defendant (relator) from carrying on the business of a slaughter-house, within certain limits; that on appeal the injunction was declared by this Court, in 1887, to have properly issued, because the defendant had undertaken to continue the business, after the revocation of the previously obtained permission to do so, from the proper authority; that since the injunction was perpetuated, the defendant obtained in 1888, from the City Council an ordinance permitting him to carry on the business within the limits in which he had first done so; that the defendant having engaged in carrying on a slaughter-house within said limits, the plaintiff took a *rule* on him, to show cause why he should not be punished for contempt for violating said perpetuated injunction, and that the defendant pleaded in justification, the ordinance allowing him to do so.

The district judge heard the rule and came to the conclusion that the acts of the defendant were committed in contravention of the injunction which had not ceased to be in force. He therefore sentenced him, for contempt, to ten days' imprisonment.

Having been confined, in furtherance of the sentence, the relator applied for relief in this Court and a restraining order was made suspending the execution of the sentence, until the further order of this Court, and the relator was provisionally released.

The writ of *certiorari* issues to an inferior judge, only to ascertain of the validity of proceedings before him. C. P. 855.

Such proceedings, in cases of contempt, can never be annulled, unless the court had no jurisdiction or judicial power to make the order disobeyed, or disregarded the rules of procedure prescribed by law in proceeding to punish for contempt.

Hence it is, that, when it is found that the court had such jurisdiction and power and has proceeded in the manner and form required by law, the proceedings must remain unaffected, however erroneously the court may have determined the issue before it.

It has consequently been uniformly held, by this Court, that, under an application for a *certiorari*, the *intrinsic* correctness of the judgment complained of, could never be considered, where the court had such

jurisdiction and power and exercised it in the proper form, and that the inquiry, where the court had such jurisdiction and power, must be restricted to the extrinsic correctness of the decree.

The law, in clear terms, says, that the writ issues to ascertain the validity of the proceedings; that is, their apparent correctness.

In the present instance, it is indisputable that the district court had jurisdiction to issue the injunction, for thus, this Court found. Villavaso vs. Barthet, 39 Ann. 247.

It is indisputable, also, that having such jurisdiction, it had the power to enforce it and coerce, by proper means, obedience to its behest; that is, to punish, on observing the forms of law, the violator of the prohibition of the injunction. C. P. 130.

In a kindred case, this Court said: "All courts possess the inherent power of bringing to their bar and punish for contempt of their authority, not only the parties to the litigation, the jurors, the witnesses, the officers of the court, but also offenders not connected with the controversy, whenever they impede or obstruct the process of the court, disturb its proceedings, insult its officers or commit any act which interferes or thwarts its administration of justice.

"Each court has necessarily the power of determining for itself, whether the act or acts thus done constitutes or not a contempt of its authority, and when it has exercised that power and passed sentence, in the manner and form prescribed and within the limitations fixed by law, it does not appertain to this Court, as a rule, to inquire into the facts passed upon, with a view to ascertain and determine whether a contempt was or not committed and to release the offender.

"The regular ruling of a judge on a question of contempt, is no more revisable than his regular ruling in an unappealable case.

"It is an essential, privileged and significant attribute which should be exercised with independence; but with discretion and dignity.

"It is unfortunately possible, that forgetful of his mission of peace and conciliation, a magistrate may palpably ill use that conservative power, so as to become reproachable with oppression in office; but in such instances, rarely to occur, the question of abuse of authority cannot be determined and remedied against by the process now sought." State ex rel. O'Malley vs. Judge, 35 Ann. 1197; also, State ex rel. Brown vs. Houston, Ib. 1194.

To these conservative views we adhere.

From the papers before us, it appears that the proceeding for contempt was by *rule*, contradictorily tried with the defendant therein, who is the relator here. This was the proper proceeding, the offense

·charged not having been committed in *faciem curiœ,* in which case a rule is not necessary.

Another complaint of the relator is that the district judge, in order to pass upon the rule for contempt, had to determine whether the permission obtained was or not valid; that he has done so, and that his judgment will constitute *res judicata* on the trial of such an issue when presented in the case itself.

There exists no room for such apprehension. When that matter will be presented in proper pleadings, the district judge will have full power to change his views should he determine that he erred in entertaining them when deciding the rule for contempt. The relator may, besides, rest certain that, under no contingency, will that ruling bind this Court, as *res judicata,* should the validity of the permission granted, pleaded in justification, ever] be submitted to its ·consideration.

Finding, therefore, that in issuing the injunction, the court exercised ·a jurisdiction vested in it; that the injunction was a proper exercise of judicial power; that disobedience of such an order was punishable as a contempt, and that the proceedings were regular, we conclude that, as we have no concern with the question, whether the act charged was or not committed, or did or not constitute a contempt, we are powerless to grant the relief sought.

It is, therefore, ordered and decreed that the restraining order herein made *in limine* be rescinded and that the application herein be refused with costs.