## No. 10,434.

THE STATE EX REL. PETER KIERNAN AND F. R. WATERS VS. F. A. MONROE, JUDGE OF DIVISION C, CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

Proceedings in cases of contempt can never be set aside and annulled in a proceeding for *certiorari*, unless the court has no jurisdiction to make the order disobeyed.

APPLICATION for Writs of *Certiorari* and Prohibition.

*Rouse & Grant* for the Relators.

*Moïse & Cahn* for the Respondent.

The opinion of the Court was delivered by

WATKINS, J. It appears from the record that relators were pro-
hibited and restrained from voting certain shares of stock at an election
thereafter to be held for officers of a corporation known as the Daily
News Publishing Company; that relators, as defendants therein, peti-
tioned for and obtained an order for the dissolution of said injunction
on furnishing bond in the amount fixed by the court with good and
solvent security; that, in pursuance of said order, they filed a bond
which purported to meet the requirements of said order, and appeared
at the election and voted said stock; that, subsequently, plaintiff in in-
junction took a rule on relators to show cause why the injunction should
not be reinstated and everything placed in the same condition it was
prior to the dissolution of same on bond, because the security furnished
was not solvent; that said rule was regularly tried and made absolute,
for the reason assigned, it appearing to the court that the injunction
had never, in contemplation of law, taken effect, and hence the relators
violated said injunction by voting said shares of stock at said election,
and acted in contempt of same.

Thereupon, the plaintiff in injunction proceeded against relators by a
rule for contempt, which was regularly and properly tried, and they
were adjudged and declared guilty of contempt.

These substantial facts were returned by the respondent judge in his
answer, and he thereupon affirms that he had the power and jurisdiction
to so adjudge and decide, and that, under this state of facts, this court
will not inquire whether they constitute a just and ample foundation
therefor, and prays that the writs applied for be refused.

This case falls within the principle announced in State ex rel. Barthet
vs. Judge, 40 Ann. 434, which was an exactly similar case, and in which
similar relief was prayed for and refused.   This Court said:

"Such proceedings, in cases of contempt, can never be annulled,
unless the court had no jurisdiction, or judicial power to make the
order disobeyed, etc.    *    *    *    Hence it is, that, when it is found
that the court has such jurisdiction and power, and has proceeded in
the manner and form required by law, the proceeding must remain un-
affected, however erroneously the court may have determined the issue
before it.

"It has, consequently, been uniformly held that under an application
for a certiorari, the intrinsic correctness of the judgment complained of
could never be considered when the court had such jurisdiction and
power and exercised it in the proper form, and the inquiry, when the

court had such jurisdiction and power, must be restricted to the intrinsic correctness of the decree."

Again: "Finding, therefore, that, in issuing the injunction the court exercised a jurisdiction vested in it; that the injunction was a proper exercise of judicial power; that the disobedience of such an order was punishable as a contempt, and that the proceedings were regular, we conclude that, as we have no concern with the question, whether the act charged was or not committed, or did or not constitute a contempt, we are powerless to grant the relief sought."

For these and other reasons assigned in that case, the writ of *certiorari* must be refused, and with it falls the requested prohibition.

It is, therefore, ordered and decreed that the preliminary order be rescinded and set aside, and that the application be refused with cost.