(97 South. 335)

No. 26077.

## CITY OF GRETNA v. ROSSNER.

### In re GELBKE, Mayor.

(June 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Judges** ⊗⇒49(1)—**Not subject to be recused in contempt proceeding; "civil cause;" "criminal cause."**

A contempt proceeding is neither a civil nor a criminal cause, within Code Prac. art. 338, as amended by Act No. 203 of 1918; relative to recusing judges, as its object is to vindicate authority and dignity of the court, and the presiding judge is the proper party to try the person committing the contempt, and is not subject to recusation for interest or prejudice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit—etc.; Criminal Case or Cause.]

2. **Contempt** ⊗⇒2—**Not a crime, but disobedience of rule or order, or disrespect for court.**

Contempt, though considered in some degree as a criminal act, is not a statutory crime against the state, but a disobedience of some rule or order of the court, or disrespect for the court.

3. **Contempt** ⊗⇒33—**Only court against which committed has power to punish it.**

No court, except that against which a contempt is committed, has power to punish it.

4. **Contempt** ⊗⇒34, 66(2)—**District court has neither original nor appellate jurisdiction of contempt proceedings in mayor's court.**

Judgment imposing sentence for contempt is unappealable, and the district court has neither original nor appellate jurisdiction, under Const. 1921, art. 7, § 36, of contempt proceedings in a mayor's court.

5. **Criminal law** ⊗⇒90(2)—**Mayor's court held to have jurisdiction of charge of disturbing the peace.**

Mayor's court of the city of Gretna *held* to have jurisdiction of charge of disturbance of the peace under a city ordinance.

6. **Contempt** ⊗⇒10—**Municipal corporations** ⊗⇒183(5)—**Refusal of marshal to serve warrant issued by mayor held a contempt.**

It was the duty of a city marshal, who was also marshal of the mayor's court, to execute warrant lawfully issued by the mayor's court for infraction of an ordinance, and his refusal to do so was punishable as a contempt, under Code Prac. arts. 131–133.

7. **Contempt** ⊗⇒67—**Prohibition** ⊗⇒16—**District court without supervisory jurisdiction over contempt proceedings in mayor's court.**

Under Const. 1921, art. 7, § 2, the district court has only limited supervisory jurisdiction in aid of appellate jurisdiction over inferior courts, and, as it has no appellate jurisdiction of contempt proceedings in mayor's court, it has no supervisory jurisdiction by certiorari or prohibition, especially in view of Code Prac. arts. 845, 846, 855, 857.

Proceeding by the City of Gretna against Mrs. Cecelia Rossner, in which the court undertook to punish Peter Trouilliet for contempt. Writs of certiorari and prohibition were issued by the district court, and Charles F. Gelbke, Mayor of the City of Gretna and Judge of the Mayor's Court, applies to the Supreme Court for writs of certiorari and prohibition. Judgment of the district court annulled and set aside, contempt proceedings reinstated, and writ of prohibition issued.

John E. Fleury, of Gretna, for relator.

J. K. Gaudet, of Gretna, for respondents.

LAND, J. Relator, in his capacity as mayor of the City of Gretna and judge of the

mayor's court issued a warrant of arrest to Peter Trouilliet, marshal of the city of Gretna and marshal of said court, ordering and commanding him to arrest Mrs. Cecelia Rossner, and to bring her before the mayor's court on a charge of disturbing the peace and threatening Andrew Kleinpeter with bodily harm.

The warrant is signed by relator as mayor of the city of Gretna, and was issued upon affidavit duly made before said mayor and signed by Andrew Kleinpeter on May 11, 1923.

The marshal of the city of Gretna, having refused to execute said warrant after its delivery to him, was served with a rule to appear before the mayor's court of the city of Gretna on May 22, 1923, and to show cause why he should not be punished for contempt of its authority.

A continuance of the trial, upon the request of the city marshal, was granted until May 24, 1923, and on that date, the case being called for trial, a motion was filed to recuse the mayor as judge of the mayor's court, on the ground of political prejudice against the mover. This motion was overruled, for the reason that it was irrelevant, and, objecting to any further proceeding with the trial, the city marshal served notice on the mayor of his intention to apply to the judge of the Twenty-Eighth judicial district court for "writs of certiorari, prohibition, and review."

The mayor insisting upon proceeding with the trial, despite said notice, the city marshal and his attorney left the courtroom unceremoniously.

Upon the application of the city marshal to the Twenty-Eighth judicial district court, respondent judge issued a writ of certiorari and a preliminary writ of prohibition, forbidding the mayor from proceeding further in said contempt proceedings, and commanding him to show cause on June 1, 1923, why

the writ of prohibition should not be made perpetual. The mayor of Gretna, as respondent in these proceedings, excepted in his return to said writs on the following grounds:

(1) That the district court was without jurisdiction ratione materiæ and ratione personæ.

(2) That the action of relator was premature.

(3) That relator's petition did not disclose any right or cause of action, said pleas being made in the alternative.

The facts as stated in relator's petition were admitted as true in the answer on the merits by respondent mayor, and have been detailed in this opinion.

In the answer of the respondent judge to the present application it is contended that the motion for recusation contained sufficient grounds, and that the mayor should have recused himself and called in "other proper authority to determine the issue of recusation."

[1-3] Under Act 203 of 1918, amending article 338 of the Code of Practice, as amended by Act 35 of 1882, a judge or justice of the peace may be recused in "all civil and criminal causes" in which he is interested.

A contempt proceeding, however, is neither a civil nor a criminal cause in the proper acceptation of these terms, as its object is to vindicate the authority and dignity of the court. Contempt is not a statutory crime against the state, though considered in some degree as a criminal act, but is a disobedience of some rule or order of the court, or disrespect for the court.

The judge presiding over the court is therefore the proper party to try the person committing the contempt, and is not subject to recusation for the cause of interest or prejudice. Noble Township v. Aasen, 10 N. D. 264, 86 N. W. 742; State v. Crum, 7 N. D. 299, 74 N. W. 992. It is well settled that

no court except that against which the contempt is committed has power to punish it. Corpus Juris, paragraphs 69 and 83, verbo "Contempt."

For these reasons the mayor properly overruled the motion for his recusation on the ground of prejudice against the mover.

Respondent judge also contends that the Twenty-Eighth judicial district court is vested with jurisdiction in this case, and in support of this contention cites section 36 of article 7 and section 2 of the same article of the Constitution of 1921.

[4] Section 36 provides that:

"Persons sentenced to pay a fine or to imprisonment, by mayors, recorders, or municipal courts shall be entitled to an appeal to the district court of the parish, upon giving security for fine and costs of court, and in such cases trials shall be de novo and without juries."

This section clearly relates to fines or imprisonment imposed for violations of city ordinances, and not in contempt cases. There is no city ordinance defining and punishing contempt. This court has repeatedly held that a judgment imposing a sentence for contempt is unappealable, although the case in which the contempt of court has been committed is appealable. Woods' Case, 30 La. Ann. 672; State ex rel. Farmer v. Judge, 31 La. Ann. 118; State ex rel. Barthet v. Judge, 40 La. Ann. 434, 4 South. 131; State ex rel. Kiernan Waters v. Judge, 41 La. Ann. 314, 6 South. 539; State v. Civil Sheriff, 32 La. Ann. 1225.

It is therefore clear that the district court had neither original nor appellate jurisdiction over the contempt proceedings in this case.

[5, 6] The mayor's court unquestionably has jurisdiction to try ordinances for disturbance of the peace. The affidavit and warrant in this case are in usual form. The proceeding by rule to show cause why the city marshal should not be punished for contempt is regular. Ample delay was given to him to make his defense to the rule.

Respondent judge contends, also, that the marshal is not amenable for contempt for not executing the writ of arrest, because the allegiance of the officer enforcing the writ is not to the court, but to the law, and the penalty for his failure and refusal to execute the same is his removal from office.

The Hundley Case, 150 La. 716, 91 South. 164, 21 A. L. R. 325, is cited as authority for the proposition of law relied upon by respondent judge; but that case has no application to the facts of the present case, for the reason that the contempt alleged in the Hundley Case consisted of the act of the mayor of Alexandria in ordering the release of a prisoner after final sentence imposed by the city judge, and this court held that the functions of the city court of Alexandria had ceased with the final sentence, and that the prisoner had passed under another jurisdiction, that of the officers designated by law to see to it that the sentence passed upon him was carried out. It is said in the opinion that the allegiance of these officers is not to the court, but directly to the law, which had prescribed their duty; the penalty for nonperformance of their duty being removal from office or fine or imprisonment under section 866 of the Revised Statutes. Hundley, City Judge v. Foisy, Mayor, 150 La. 716, 91 South. 164, 21 A. L. R. 325.

In the present case the defendant named in the warrant has not been arrested. Consequently the functions of the mayor's court have not yet ceased by final sentence, and it is the official duty of the marshal of said court to execute warrants lawfully issued for infractions of the ordinances of the city of Gretna. That the act of the city marshal was in contempt of the authority of the mayor, as judge of the mayor's court of Gretna, in refusing to execute or serve the warrant in this case, cannot be questioned. C. P. arts.

131, 132, 133; Marr's Crim. Juris. (2d. Ed.) § 221, p. 341.

[7] Section 10 of article 7 of the present Constitution has provided that:

"The Supreme Court shall have control of, and general supervision over all inferior courts."

Section 2 of the same article has not conferred, as contended by respondent. judge, general supervisory jurisdiction upon the district court over the mayor's court, but only a limited supervisory jurisdiction in aid of the appellate jurisdiction of the district court.

As district courts have no appellate jurisdiction over sentences imposed by mayors' courts in cases of contempt, they are necessarily without supervisory jurisdiction as to such cases.

The exceptions to the jurisdiction of the district court and the exception of no right or cause of action should have been maintained.

The mayor's court of the city of Gretna having exclusive original jurisdiction over the contempt proceedings to punish its recalcitrant officer, and these proceedings being regular and in due form, the writs of prohibition and certiorari illegally issued in this case, and the judgment of the district court, perpetuating the writ of prohibition directed to the mayor and judge of the mayor's court of Gretna, is therefore illegal, null, and void; the district court being without jurisdiction ratione personæ and ratione materiæ. C. P. arts. 855, 857; C. P. arts. 845, 846.

It is therefore ordered that the judgment rendered by Hon. H. N. Gautier, judge of the Twenty-Eighth judicial district court, in the matter of State ex rel. Peter Trouilliet, Marshal of City of Gretna v. Charles F. Gelbke, Judge of Mayor's Court, City of Gretna, No. 4012 on the docket of said court, setting aside and annulling all proceedings had in the case of city of Gretna v. Peter Trouilliet for contempt, No. 492 of the mayor's court of Gretna, and permanently prohibiting the mayor of said court from further proceeding in said cause, be annulled and set aside. It is further ordered that the exception to the jurisdiction and the exception of no right or cause of action filed by respondent mayor in said proceeding be maintained, and that said proceeding be dismissed at the cost of the relator, Peter Trouilliet, marshal of the city of Gretna. It is further ordered that said contempt proceedings in the mayor's court of the city of Gretna be reinstated in said court, to be proceeded with according to law, and that a writ of prohibition issue to Hon. H. N. Gautier, judge of the Twenty-Eighth judicial district court, permanently prohibiting him from further proceeding in said cause No. 4012 on the docket of said court, or proceeding or interfering with relator, Charles F. Gelbke, mayor and judge of the mayor's court of the city of Gretna, in the matter No. 492 on the docket of the mayor's court of said city, entitled "City of Gretna v. Mrs. Cecelia Rossner."