LAND, J.
 

 September 15, 1925, plaintiff obtained against defendant a judgment of separation from bed and board. In this judgment alimony for the support of plaintiff and of her minor children is fixed at $45 per week, and is made payable weekly.
 

 After the expiration of two years, defendant obtained against plaintiff a final judgment of divorce, under Act No. 25 of 1898.
 

 This judgment is of date October 14, 1927, awards to plaintiff the permanent custody of her minor children, and condemns defendant to pay weekly permanent alimony in the sum of $45 per week, for the support of plaintiff and of her minor children.
 

 In this judgment it is recited that $45 per week is in keeping with the needs of plaintiff and of her minor children, “and is proportioned to the ability of plaintiff to pay and to his revenue, earnings and property.”
 

 ■ On February 8, 1930, plaintiff filed a rule in the lower court, alleging repeated failures of defendant, after amicable demand, to pay the alimony, as commanded in the' final judgment of divorce, and citing defendant to show cause why he should not be declared to be in contempt of court
 

 In answer to the rule for contempt, defendant admits that he is in arrears in the payment of the alimony due, avers his inability to pay same, and prays that the alimony of $45 per week, as fixed, in the final judgment of divorce, be reduced to $15 per week.
 

 In his answer, defendant also prays for an amendment of the original decree of divorce so as to permit his minor children to visit him at his residence, at such times as will not interfere with their education.
 

 Plaintiff filed a motion to strike out of the answer to the rule for contempt all of the allegations set forth in the' reconventional demand of defendant. This motion was sustained by the trial judge.
 

 On the trial of the rule for contempt, defendant was permitted to be heard as to his alleged inability to pay the alimony, and introduced evidence as to his assets, liabilities, expenditures, and earning capacity.
 

 After considering the evidence, the trial judge found defendant guilty of contempt of court, and sentenced him to imprisonment in the parish jail for a period of ten days and to pay a fine of $1 and costs.
 

 At this juncture, defendant applied to this court for writs of certiorari and prohibition. After setting forth in his application numerous erroneous rulings alleged to have bee.n made by the trial judge, relator pra-ys that respondent judge be prohibited from executing the sentence imposed, that the judgment and sentence for contempt be vacated and annulled, and that relator be discharged.
 

 • The applicant assigns as errors on the part of the trial judge the following:
 

 1. That the court erred in holding that inability to pay is not a defense to a rule for contempt for failure to pay alimony.
 

 2. That the court further erred in holding that, under Act No. 189 of 1898, inability to pay must be determined as of the date on
 
 *676
 
 which the judgment fixing the alimony was rendered.
 

 3. That the court further erred in holding that the defense of inability to pay could not he urged unless preceded by an action, on the part of the person paying alimony, seeking the revision or modification of the original decree.
 

 4. That, in any event, the lower court erred in holding applicant estopped from pleading inability to pay, by reason of admitting his ability to pay at the time the original order for alimony was entered.
 

 5. That the court further erred in sustaining plaintiff’s motion to strike out defendant’s reconventional demand, requesting a revision and modification of the original alimony decree, and further requesting an order allowing defendant the right to be visited by his children.
 

 6. That the court further erred in refusing to grant a stay of proceedings, unless applicant posted an appearance bond in the sum of $1,000.
 

 1. The reasons of respondent judge ad hoc for holding relator guilty of contempt were assigned orally at the time.
 

 Neither the record before us, nor the answer of respondent judge ad hoc, shows that he committed any of the errors assigned by relator in paragraphs 1, 2, 3, and 4 of this opinion, or based his judgment upon them. ■
 

 . We understand from his answer to the application of relator, for the writs in this case, that all of the evidence offered by the relator was considered by respondent judge ad hoc, and that the failure of relator to seek a modification of the judgment, coupled with, his admission on the day judgment was rendered that he could pay the amount of alimony; awarded against him, were merely circumstances which respondent judge ad hoc considered in the determination of the question as to whether or not relator was able to pay the alimony.
 

 We do nqt find that respondent judge ad hoc committed the errors complained of by relator. .
 

 2. Nor do we find any error in the ruling of the trial judge in sustaining the motion to strike out the reconventional demand of defendant, in answer to the rule for contempt.
 

 This reconventional demand is an attempt on the part of defendant to ingraft, upon his answer to a rule for contempt, demands for the modification of the original decree of divorce as to the amount of alimony to be paid, and as to the custody of the minor children.
 

 Defendant’s right to go into the original divorce proceedings and seek the modification of the judgment condemning him to pay alimony is conceded. Lorson v. Madere, 149 La. 95, 88 So. 701.
 

 But “A rule for contempt is in the nature of a criminal prosecution; the court will not on such a rule determine the rights of the parties in the main litigation.” Roussel v. Railways Realty Co., 133 La. 153, 176, 62 So. 608, 617. Corpus Juris, Vol. 13, p. 80, § 116.
 

 3. The complaint of relator, that he was illegally required to give an appearance bond after conviction, has passed out of the case, as the bond demanded required the appearance of defendant for sentence four days after conviction. That time has elapsed. The bond and its conditions have been complied With, and defendant has been finally sentenced for contempt.
 

 4. The writ of certiorari issues to an inferior judge, only to ascertain the validity of the proceedings before him. Code Prac. art. 855.
 

 
 *678
 
 . Proceedings in cases' of contempt cannot-be anulled unless the court had no jurisdiction, or judicial power to make the order disobeyed, or disregarded the rules of procedure prescribed by law in proceedings for contempt.
 

 In such cases, the Supreme Court will' not review the facts on which the lower court acted to punish for contempt. State ex rel. Barthet v. Judge Division B, 40 La. Ann. 434, 4 So. 131 ; State ex rel. Kiernan & Waters v. Monroe, Judge, 41 La. Ann. 314, 6 So. 539; State v. Broxson, 163 La. 94, 111 So. 611.
 

 The jurisdiction of the Fifteenth judicial district court for the parish of Lafayette, in which relator was tried and sentenced for contempt, is not questioned.
 

 The proceeding for contempt was by rule, contradictorily tried with the defendant, and was a proper proceeding, as the contempt charged had not been committed in faciem curise.
 

 The proceedings are regular.
 

 It is therefore ordered that relator’s application for the writ of prohibition be refused and dismissed at his cost, and that the conviction and sentence of relator for contempt be affirmed.