**(131 So. 31)**

**STATE ex rel. MORTON v. MEYERS, Superintendent of Police.**

**Ex parte MEYERS, Superintendent of Police.**
**No. 30858.**

Nov. 3, 1930.

Michel Provosty, City Atty., and John E. Unsworth, Asst. City Atty., both of New Orleans, for relator.

A. J. Hollander, of New Orleans, for respondent John J. Morton.

BRUNOT, J.

John J. Morton was summoned, as a prosecuting witness, to testify at a hearing had before the superintendent of police upon pending charges against three members of the police department of the city of New Orleans. After vainly trying to have the charges dismissed, Morton refused to testify at hearing, whereupon the superintendent of police adjudged him guilty of contempt and sentenced him to imprisonment in the First precinct police station for 48 hours. Morton applied to

the criminal district court for a writ of habeas corpus, and, after a hearing on a rule to show cause, the court granted the writ and Morton was discharged. The superintendent of police then applied to this court for writs of certiorari and prohibition. A writ of certiorari was issued, and in response thereto the record is now before us for review.

It is conceded that the power of a court to punish for contempt is inherent, but respondent contends and the criminal court judge held that the superintendent of police, of the city of New Orleans, is not clothed with any judicial authority and a hearing before him is not a hearing before a court.

Such powers as the superintendent of police may lawfully exercise are to be found in section 5 of Act No. 32 of 1904. Section 6 of Act No. 79 of 1920, which relator cites, does not apply. It does not confer any power whatever upon the superintendent of police. It is an enactment in the interest of accused members of the police department and, in effect, it is nothing more than a reiteration of the citizens' constitutional guaranties. We quote the section:

"Be it further enacted by the General Assembly of the State of Louisiana, That in case any member of said Police Departments shall be brought before the Board of Police Commissioners, the Superintendent of Police or other officer or officers having the management, control or direction of said Police Department, on charges which may result in a finding of guilt and in his being dismissed, suspended or otherwise disciplined, such member shall have the right to be specifically informed, in writing, of the accusation against him; to be allowed counsel; to have time to prepare his defense; to be confronted with the witnesses against him and to examine such witnesses."

Act No. 32 of 1904 creates the office of inspector of the police force, of the city of New Orleans, and section 5 of the act confers upon the incumbent of that office certain powers. Act No. 187 of 1924 changes the title of the office to superintendent of police and continues in force and effect such powers, duties, and rights as are prescribed by Act No. 32 of 1904. The powers of the inspector, as prescribed by section 5 of said act, relate exclusively to the inspector's government, administration, disposition, and discipline of the police force of the city of New Orleans. For the prompt and efficient exercise of these powers, the inspector has the power to make and enforce such rules and regulations as he may deem necessary, and (quoting from the Act):

"Said Inspector of the Police Force shall have power and authority to administer oaths and affirmations to any person summoned and appearing before him in any matter or proceeding connected with the discipline of the police force, and to take any deposition necessary in connection therewith. * * * Said Inspector shall have the power to issue and enforce obedience to subpœnas to compel the attendance of witnesses before him in any matter or proceeding connected with the discipline of the police force."

Decisions of the superintendent of police are not final except at the option of the accused, for the act provides as follows:

"The accused officers and members of the police force shall have the right of appeal from any decision of the inspector, to the Board of Commissioners, and the case shall be tried de novo."

■ The accepted jurisprudence of this country is that the power to punish for contempt is inherent in all of its courts and its legislative bodies, whether with or without con-

stitutional grant, but the Constitutions of the several states contain provisions designed to limit the extent to which that power may be exercised. Section 17 of article 19 of the Constitution of 1921 provides that:

"The power of the courts to punish for contempt shall be limited by law."

Section 11 of article 3 of the Constitution 1921 provides that:

"Either house, during the session, may punish by imprisonment any person not a member who shall have been guilty of disrespect, or disorderly or contemptuous behavior; but such imprisonment shall not exceed ten days for each offense."

Section 4 of article 6 of the Constitution 1921 provides that the Public Service Commission may punish for contempt to the same extent as the district courts.

■■ Where there is no inhibition in the Constitution, the Legislature may act, but it has not seen fit to confer upon the superintendent of police of the city of New Orleans the power to punish for contempt, and we are of the opinion that such power cannot be implied as incidental and necessary to the proper and efficient exercise of the powers conferred upon that officer by Act No. 32 of 1904.

Relator's counsel cite, as a case in point, Plunkett v. Hamilton, 136 Ga. 72, 70 S. E. 781, 35 L. R. A. (N. S.) 583, Ann. Cas. 1912B, 1259. In that case the hearing was before a board of commissioners, created by statute, and empowered by statute, to punish a recalcitrant witness by fine or in default of payment of the fine to imprisonment for five days. Under the provisions of the statutes, upon which the opinion is based, the court held that, when the board was in session, it sat as an inferior court of special jurisdiction. The case is quite different from this one, and we fail to see in

what respect it has application to the facts of this case.

For the reasons stated, the writ of certiorari heretofore issued herein is recalled, and relator's application is dismissed at his cost.

O'NIELL, C. J., and OVERTON, J., dissent.