ROGERS, Justice.
 

 This case is before us on application for writs of certiorari and prohibition. Relator’s complaint is that the judge of the district court has arbitrarily held him in contempt for violating an injunction which he has not violated.
 

 It appears that the Delta Securities Company, Inc., obtained an injunction from the Twenty-Fourth judicial district court, restraining Horace Dufresne, the relator, and certain other persons from entering upon its lands in St. Charles parish for the purpose of trapping fur-bearing animals, or for any other purpose.
 

 Alleging that, in violation of the injunction, Horace Dufresne and Alfred Dufresne trespassed upon its property, the Delta Securi
 
 *894
 
 ties Company, Inc., ruled them to show cause why they should not be punished for contempt. On the trial of the rule the judge of the district court reached the conclusion that the defendants had violated the injunction, and he sentenced each of them to pay a fine of $50, or, in default thereof, to servé sixty days in the parish prison. Horace Dufresne then applied to this court for relief, and a stay order was issued suspending the execution of relator’s sentence until the further orders of this court.
 

 In his application herein, relator denied that he had violated the injunction. He alleged that he owns a house 'boat on which he resides, and that on December 7, 1934, the day on which it is charged he violated the injunction, he was navigating his house boat in Bayou Cuba, a navigable stream, and that he “brought said boat to land on the banks of said navigable stream and made same fast to the shore by means of the anchor of said boat and for that purpose stepped upon said bank, but did not go further than ten feet from the water, which ten feet forms the bank of said stream, and which is often covered with water and overflowed.” Relator further alleged that under article 455 of the Civil Code (which provides that the banks of navigable streams are subject to public use) he was entitled to land his boat at the bank of the bayou and to make it fast by means of its anchor placed on the shore less than ten feet from the water’s edge; and that, as a consequence, the conclusion of the judge of the district court that in violation of the injunction relator had trespassed upon the land of the Delta Securities Company, Inc., was erroneous, and his sentence for contempt not justified.
 

 If -the respondent’s findings of fact coincided with relator’s’ recitals of fact, this court, unquestionably, could determine whether the alleged contemptuous conduct constituted a contempt in law. But the return of the respondent presents an entirely different case from the one which is presented in the application of the relator. In his return, the respondent declares that the evidence produced on the trial of the rule for contempt convinced him that the relator trespassed on the land of the Delta Securities Company, Inc., in violation of the writ of injunction. He states the evidence satisfied him that while relator’s house boat was moored to the bank of Bayou Cuba, a navigable stream, it was not for any of the purposes embraced within the provisions of article 455 of the Civil Code; that the boat was moored to the bayou bank in front of the land owned by the Delta Securities Company, Inc., for a week or ten days prior to December 7, 1934 (the date of the discovéry of the alleged trespass); and that the boat was used by relator, who is a trapper, as living quarters or as a base of operations for trapping fur-bearing animals on the property of the Delta Securities Company. Inc., which relator was enjoined from doing.
 

 If the findings of fact by the trial judge are correct, and there must be some reasonable evidence to support the findings, we think he was justified in pronouncing the judgment of which relator complains. Whether or not the trial judge correctly found the facts involves an inquiry into the evidence, and such an inquiry will not be made. It is well settled that this court will not review the facts on which the trial court acted to punish for contempt. State v. Houston, Judge, 35 La. Ann. 1195; State v. Judge, 40 La. Ann. 434, 4 So. 131;
 
 *896
 
 State v. Judge, 41 La. Ann. 314, 6 So. 539; State v. Judge, 45 La. Ann. 1250, 14 So. 310, 40 Am. St. Rep. 282; State v. Sommerville, Judge, 105 La. 273, 29 So. 705; Blaise v. Security Brewing Co., 124 La. 979, 50 So. 816; Dugas & Le Blanc, Ltd., v. Port Barre Timber & Tie Co., Inc., 144 La. 71, 80 So. 203; State v. Broxson, 163 La. 94, 111 So. 611; Perrault v. Edwards, 170 La. 671, 129 So. 125.
 

 Tbe jurisdiction of tbe district court is not questioned, and the proceedings appear to be regular.
 

 For the reasons assigned, the rule nisi herein issued is discharged, and relator’s application for a writ of prohibition is denied.
 

 O’NIELL, C. J., dissents.