94 So.2d 95 (1957)
Earl H. WHITE
v.
LOUISIANA & ARKANSAS RAILWAY COMPANY et al.
No. 4370.
Court of Appeal of Louisiana, First Circuit.
March 25, 1957.
*96 Morrison & Newell, New Orleans, for appellant.
Kermit B. Guidroz, Baton Rouge, for appellees.
ELLIS, Judge.
Wabash Railroad Company, a defendant herein, has appealed from a judgment on a rule nisi in which it was adjudged in contempt of court for failing to answer interrogatories within the time allotted by judgment rendered in the prior rule nisi, and in which it was further orderd to pay all costs pertaining to said motions and rules previously issued for extension of time within which to answer the interrogatories and costs of the two rules, both being for contempt, and further ordering the defendant to pay to plaintiff's attorney as attorneys fees the sum of $300 which the lower court designated as reasonable expenses incurred in obtaining compliance with the order of the court requiring the defendant to answer the interrogatories.
In connection with plaintiff's main demand, on November 17, 1955 some eighty interrogatories were propounded to the Wabash Railroad Company in accordance with the provisions of LSA-R.S. 13:3781 and 13:3784. On November 28, 1955 certain written objections were made to the interrogatories and the lower court on December 13, 1955 rendered judgment overruling the objections and directing and ordering the Wabash Railroad Company to answer the interrogatories in not less than 45 days from date of the judgment. Motion for an extension of time in which to answer the interrogatories was made by Wabash Railroad Company in which counsel for the plaintiff in writing waived objection and same was granted until March 1, 1956. On February 29, 1956 Wabash Railroad Company filed its answer to certain interrogatories and objected for certain written reasons to answering the remainder.
On March 5, 1956 counsel for plaintiff prayed for the issuance of a rule directed to Wabash Railroad Company "to show cause if any it has on a day and at an hour to be fixed by this Honorable Court, why said defendant should not be found in contempt of court for refusal to answer the interrogatories, refusal to make discovery, and failure to comply with the order of this Honorable Court read and signed in Open court on the 13th day of December, 1955, and why a judgment by default should not be rendered and signed in favor of the plaintiff, Earl H. White, and against the defendant, Wabash Railroad Company, as prayed for in plaintiff's original petition, according to law;" and then in the alternative prayed for the relief outlined in LSA-R.S. 13:3792, subd. B, "Other consequences". Counsel for plaintiff in rulefurther prayed for a judgment in accordance with LSA-R.S. 13:3791, "Refusal to answer".
The rule was tried and the court for written reasons rendered judgment recalling the rule for the contempt and ordering the defendant to answer the interrogatories propounded with certain objections within thirty days from the date of the judgment which was signed on May 3, 1956.
Thus we see at this point that the court on the trial of the rule, while compelling Wabash Railroad Company to answer certain interrogatories held in effect that its refusal was not without substantial justification and, therefore, denied "to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees," under LSA-R.S. 13:3791.
The Wabash Railroad Company failed to file its answers to the interrogatories within the thirty days allotted to them by *97 the judgment of May 3, 1956 and counsel for plaintiff on the 5th day of June, 1956 filed a rule in which he asked that the Railroad Company show cause why it should not be adjudged in contempt of court for refusal to comply with the written judgment. He also prayed alternatively for all costs pertaining to all proceedings "in this cause relative to and constituting a part of the exception to the jurisdiction hereinbefore filed, the interrogatories, the objections to the interrogatories, the judgment ordering the answering of the interrogatories, the motion for extension of Thirty (30) days time to answer the interrogatories, all costs arising in this proceedings out of the question of interrogatories, the Rule taken on March 12, 1956, the judgment of this Honorable Court on May 3, 1956 and the cost of this Rule; and why defendant, Wabash Railroad Company should not pay to petitioner's attorney, reasonable expenses incurred in obtaining the order of this court ordering defendant to answer said interrogatories which judgment was rendered on the 13th day of December, 1955, and reasonable Attorney fees in obtaining that order and for the preparation of the Rule of March 12, 1956, and for the order of this Court of May 3, 1956, and of this Rule in contempt." (Emphasis added.)
The rule was heard and the court in its written reasons stated:
"This matter is before the Court on a rule for contempt filed by plaintiff on June 5th, 1956, and heard July 2nd, 1956, growing out of defendant, Wabash Railroad Company's failure to answer interrogatories addressed to it in connection with an exception to the jurisdiction of this court previously filed."
Although the rule was clearly one for contempt as stated by the Court and would, therefore, necessarily be governed by LSA-R.S. 13:3792, the court awarded to "petitioner's attorney, attorney's fees in the sum of Three hundred ($300.00)" and ordered the defendant held responsible for all costs pertaining to the motions and rules and the extension of time in which to answer the interrogatories and costs of said contempt rules, in addition to holding the Wabash Railroad Company in contempt for failing to answer.
LSA-R.S. 13:3791 lays down the procedure to be followed in the event a deponent refuses to answer any interrogatory submitted under LSA-R.S. 13:3771 through 13:3773 or under LSA-R.S. 13:3781. It states that upon reasonable notice to all parties affected thereby, the proponent of the interrogatory "may apply to the court in which the action is pending or in which the judgment was originally rendered for an order compelling an answer * * *". (Emphasis added). * * *. "If the motion is granted and if the court finds that the refusal was without substantial justification the court shall require the refusing party or depondent and the party or attorney advising the refusal or either of them to pay to the examining party the amount of the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees * * *".
From the above, it is clear that in the present case counsel for plaintiff upon the refusal or failure of the Wabash Railroad Company to have answered the original interrogatories should have applied to the court for an "order compelling an answer," and praying also for payment by Wabash Railroad Company of the amount of reasonable expenses incurred in obtaining the order including reasonable attorneys fees. In his first application for a rule he prayed mainly that the Wabash Railroad Company be adjudged in contempt but he also asked for relief in the nature of expenses and attorneys fees which was refused. He then obtained an order for them to answer. Therefore, the Wabash Railroad Company was placed in the position of being guilty of contempt of Court if it failed to answer in accordance with the judgment rendered on the first rule directing it to answer certain interrogatories. *98 When it failed to answer, counsel for plaintiff properly ruled it into court for contempt which comes strictly under LSA-R.S. 13:3792, and it will be noted by a mere reading of same that no attorney fees nor reasonable expenses incurred in obtaining the order to compel one to answer is allowed under the last cited statutes. The Court held the Wabash Railroad Company guilty of contempt in accordance with LSA-R.S. 13:3792, subd. A, for its failure to comply with the court's order compelling it to answer, but did not impose or grant to plaintiff in rule any of the relief outlined under, subd. B, "Other consequences" (1), (2), (3), (4). Before a party is entitled to proceed under LSA-R.S. 13:3792 for a rule for contempt, he must have successfully proceeded under LSA-R.S. 13:3791, and it is in this rule that he can obtain reasonable expenses incurred in obtaining the order to compel the answer which also may include reasonable attorney fees. He is not given this right specifically under LSA-R.S. 13:3792. However, under, subd. B, "Other consequences" we find it does state:
"* * * the court may make such orders in regard to the refusal as are just and among others the following: * * *."
Under this broad language it would appear that a court would be authorized to impose the costs and attorney fees as was done in the present case.
One adjudged guilty of contempt can also be punished under Article 131 of the Louisiana Code of Practice which reads as follows:
"The judges of the Supreme Court, Courts of Appeals and District Courts have the power to punish all contempt of their authority by fine not exceeding fifty dollars and imprisonment for a period not exceeding ten days for each offense of that kind. And provided that no publication of utterance out of court, respecting the conduct of such courts or its officers, jurors, witnesses or parties in any cause after judgment shall be construed to be a contempt and punished as such; reserving to the parties aggrieved their remedies by prosecution for libel or action for damages,"
or if it be an attorney at law, with which we are not concerned in this case, under Article 132 of the Code of Practice.
We find a short but comprehensive statement with regard to contempt in Tulane Law Review, Vol. 17, page 656, which reads in part as follows:
"In Louisiana contempts are of two kinds; `direct', those committed in open court; `constructive', those committed out of view and hearing of the court. State ex rel. DeBuys v. Judges of Civil Dist. Ct., 1880, 32 La.Ann. 1256; Graham v. Jones, 1942, 200 La. 137, 7 So.2d 688. The theory of punishment for contempt is that it is to vindicate the authority and dignity of the court for a disrespect or disobedience shown it. See State ex rel. Heffner v. Judge of First Judicial Dist. Ct., 1898, 50 La.Ann. 552, 557, 23 So. 478, 480; City of Gretna v. Rossner, 1925, 154 La. 117, 97 So. 335. The courts in this state have been expressly granted power by the constitution to punish for both types of contempt. La.Const. of 1921, Art. 19, § 17; Art. 131, La.Code of Practice of 1870. Nevertheless, it has been pointed out that the power to punish for contempt is inherent in both the courts and the legislative bodies even without constitutional grant. See State ex rel. Morton v. Meyers, 1930, 171 La. 313, 131 So. 31, 34. This inherent power to punish for contempt is manifested by the decisions to the effect that the court against which the disrespect is shown is the exclusive judge in determining whether the act committed constitutes a contempt. State ex rel. O'Malley v. Houston, 1883, 35 La.Ann. 1195; State *99 ex rel. Barthet v. Judge of Civil District Court, 1888, 40 La.Ann. 434, 4 So. 131; State ex rel. Dowling v. Ray, 1922, 150 La. 1030, 91 So. 443. From this general principle is deducted the ruling applicable in the instant case that the court commanding the doing of a certain act by a public body is alone vested with the right to determine whether or not the order has been complied with, or a sufficient reason has been given for failure to comply. City of Gretna v. Rossner, supra; State ex rel. Connerly v. Tangipahoa Parish School Board, La.App. 1942, 9 So.2d 826. This absolute right of the court over matters pertaining to contempt is the rationale for the rule that a judgment imposing a sentence for contempt is not appealable. State ex rel. Farmer v. Judge of Parish Ct., 1879, 31 La. Ann. 116; City of Gretna v. Rossner, supra. But it has been held that the case in which the contempt has been committed is appealable. State ex rel. Farmer v. Judge of Parish Ct., supra; see City of Gretna v. Rossner, 1923, 154 La. 117, 121, 97 So. 335, 336. Because of the non-appealability from a judgment imposing a sentence for contempt, it becomes important to inquire into the supervisory jurisdiction of the supreme court. The conservatory writs appropriate for cases of contempt are certiorari and prohibition. La.Const. of 1921, Art. 7, § 2; Arts. 846, 855, La. Code of Practice of 1870. Prior to the adoption of the Louisiana Constitution of 1879 these writs issued only when invoked in aid of appellate jurisdiction * * *".
It is well settled that as shown by cases cited in the above quoted article there is no appeal from a judgment of contempt, the remedy being for writs to the Supreme Court under its supervisory jurisdiction. This Court, however, has no jurisdiction to entertain this appeal from a judgment holding the Wabash Railroad Company in contempt of Court for failure to answer. The proper recourse was to apply to the Supreme Court for writs.
For the above and foregoing reasons the appeal is hereby dismissed.