ON MOTION TO DISMISS
Before LANDRY, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
The plaintiff-appellee, Joint Legislative Committee, created by Senate Concurrent Resolution No. 31, as amended by Senate Concurrent. Resolution No. 76, instituted summary proceedings against defendant-appellant, James R. Strain, for contempt of the Committee and Legislature in failing to respond to subpoenas issued to the defendant-appellant. These proceedings were initiated by a petition for a rule nisi directed to defendant ordering him to show cause why he should not be adjudged in contempt of the Committee and of the ¿egislature. To this petition applicant simultaneously filed three declinatory and five dilatory exceptions, all of which were overruled by the trial court. The defendant-appellant then applied to this court for supervisory writs which would prohibit the trial court from further proceeding with the trial of the matter and which would order that defendant’s exceptions be sustained. We denied the application for these supervisory writs, holding that the rulings of the trial court were correct. Upon trial, the District Court held that plaintiff had proved that defendant failed to appear in response to the subpoenas, adjudged him guilty of contempt of the Committee and Legislature and fixed his punishment at confinement in the East Baton Rouge Parish jail for a period of ten days. On March 8, 1971, the District Court granted a suspensive appeal and, in the alternative, a devolutive appeal from the judgment signed by the court the same date. The matter is presently before us on the motion of plaintiff-appellee to dismiss the appeal.
Courts have both a statutory and inherent right to punish for contempt. Louisiana Constitution of 1921, Article 19, Section 17; Code of Civil Procedure, Article 221 et seq. The right to review judgments punishing those in contempt of the authori *106 ty of courts has likewise been limited by virtue of the absence of constitutional or statutory provisions granting the right of review. Judicial pronouncements in this regard are here quoted:
“ * * * In the absence of constitutional or statutory provision granting the right of review, a court of record is the exclusive judge of contempt committed against its authority and dignity. 13 C.J. p. 97, § 155. * * * from the nature of the offense, which usually requires immediate punishment, in order to maintain the dignity and authority of the court, the right of appeal will not be held to exist, unless it be clearly granted. * * * ” (State ex rel. Dowling v. Ray, 150 La. 1030, 91 So. 443, 444 [1922])
“The general rule is that a conviction for contempt is not appealable in the absence of a constitutional or statutory provision for review, the court of record being the exclusive judge of a contempt committed against its authority and dignity. In Louisiana, there being no such general legislative provision, an appeal does not ordinarily lie from a judgment of contempt, the appropriate remedy to review the validity of the contempt proceedings being to apply to the general supervisory jurisdiction of the Supreme Court.” (Moity v. Mahfouz, 137 So.2d 513, 514 [La.App.3rd Cir. 1961])
While the above provisions denying appeal of judgments for contempt deal with contempts of court, it would seem that the underlying reasons for denial of the right of appeal would likewise apply to contempt of a Legislative Committee and of the Legislature.
The following excerpts from Tulane Law Review, Vol. 17, page 656, also quoted in White v. Louisiana & Arkansas Railway Company, 94 So.2d 95 (La.App. 1st Cir. 1957), are pertinent:
“ ‘ * * * The theory of punishment for contempt is that it is to vindicate the authority and dignity of the court [Legislature] for a disrespect or disobedience shown it. See State ex rel. Heffner v. Judge of First Judicial Dist. Ct., 1898, 50 La.Ann. 552, 557, 23 So. 478, 480; City of Gretna v. Rossner, 1925, 154 La. 117, 97 So. 335. * * * the power to punish for contempt is inherent in both the courts and the legislative bodies even without constitutional grant. See State ex rel. Morton v. Meyers, 1930, 171 La. 313, 131 So. 31, 34. This inherent power to punish for contempt is manifested by the decisions to the effect that the court against which the disrespect is shown is the exclusive judge in determining whether the act committed constitutes a contempt. State ex rel. O’Malley v. Houston, 1883, 35 La.Ann. 1195; State ex rel. Barthet v. Judge of Civil District Court, 1888, 40 La.Ann. 434, 4 So. 131; State ex rel. Dowling v. Ray, 1922, 150 La. 1030, 91 So. 443. * * * This absolute right of the court over matters pertaining to contempt is the rationale for the rule that a judgment imposing a sentence for contempt is not appealable. State ex rel. Farmer v. Judge of Parish Ct., 1879, 31 La.Ann. 116; City of Gretna v. Rossner, supra.’ ” (White v. Louisiana & Arkansas Railway Company, 94 So.2d 95, 98, 99).
The authority of the Legislature to punish for contempts is found in Section 10 of Article III of the Constitution, which provides :
“ * * * Each house shall be the judge of the qualifications, election, and returns of its own members, choose its own officers, except the president of the Senate, determine the rules of its procedure, not inconsistent with the provisions of this Constitution, and may punish its members for disorderly conduct and contempt, and, with the concurrence of two-thirds of all its members elected, may expel a member.” (Emphasis supplied)
The Legislature has the inherent power to punish for contempt, ASP, Incorporated *107 v. Capital Bank & Trust Company, 174 So.2d 809 (La.App. 1st Cir. 1965), and the Legislature has in Senate Concurrent Resolution No. 31 given the Committee “the power and authority to institute proceedings in any court of competent jurisdiction” for the punishment of contempt of the Committee, in accordance with the penalties fixed by Article III, Section 11, of the Louisiana Constitution.
As we stated in ASP, cited supra:
“It is universally recognized that with the power to legislate there is inherent in the Legislature the power to conduct investigations, and that these investigations should be conducted solely as an aid to its consideration and determination of prospective legislation. The right of inquiry and investigation may be exercised by it as a body of the whole legislature, or the Legislature may delegate its investigative powers to a committee of less than the whole of the Legislature.” (ASP, Incorporated v. Capital Bank & Trust Company, 174 So.2d 809, 813)
A fortiori, the duty may be imposed upon the court to require the appellant to show cause why he should not be adjudged in contempt of the Committee and of the Legislature.
It is basic that there must be authority, either statutory or constitutional, granting the right of an appeal. We are unable to find any authority, and none has been cited, which would grant unto plaintiff a right to appeal from the Legislature’s power to punish its own members for contempt. Neither does the constitutional grant of appellate jurisdiction to the courts of appeal grant unto the defendant the right to appeal his punishment by the Legislature for contempt.[1] The legislative power and authority to punish for contempt has equal dignity and standing with that of the courts. Accordingly, the only remedy available to a member of the Legislature who has been punished for contempt of the authority of that body is to apply to the supervisory jurisdiction of the court. That the Legislature has seen fit to confer the duty of determining whether the defendant was, in fact, guilty of contempt to the courts does not make it any less the act of the Legislature in punishing its own members for contempt of its authority.
For the above and foregoing reasons, the motion to dismiss appeal is granted, at appellant’s costs.
Motion To Dismiss Appeal Granted.

. Article VII, Section 29, of the Louisiana Constitution of 1921:
“ * * * Any provision of this Constitution or law to the contrary notwithstanding, the courts of appeal have appellate jurisdiction of the following cases of which the Supreme Court is not given appellate jurisdiction under Article VII, Section 10 of this Constitution; all matters appealed from the family and juvenile courts, except criminal prosecutions against persons other than juveniles; all civil and probate matters of which the district courts throughout the state have exclusive original jurisdiction; and all civil matters involving more than one hundred dollars, exclusive of interest, of which the district courts throughout the state have concurrent jurisdiction.
“All appeals of which the courts of appeal have appellate jurisdiction as provided in this Section shall be on both the law and the facts, except where the appeal is limited to questions of law only by any other Section of this Constitution.
“Each court of appeal has supervisory jurisdiction, subject to the general supervisory jurisdiction of the Supreme Court, over all inferior courts in all cases in which an appeal would lie to the court of appeal. (As amended Acts 1958, No. 561, adopted Nov. 4, 1958).”