FOURNET, Chief Justice.
C. A. Blanchard, a duly licensed and practicing attorney, having been found guilty of contempt of court during the course of a divorce proceeding in which *257 he was of counsel for one of the litigants,[1] and while confined in jail pursuant to his sentence thereunder,[2] applied to this Court and was granted a writ of certiorari to review the validity of the proceedings; and in the meantime we ordered further action against the relator stayed.
The incident that gave rise to the conduct of the relator which resulted in his being found guilty of contempt occurred on December 11, 1953, when the case of Gautreau v. Gautreau was called, as previously fixed,[3] for trial on a petition for change of venue filed by relator on behalf of the defendant. According to the return of the trial judge (which is substantially as reflected by the minutes of court), when the matter was called “relator arose and stated he was filing an exception to the trial of the petition for change of venue, and motion to set aside the fixing thereof. And immediately, without reading the petition for change of venue, the exception to the fixing of said petition for hearing, and without any argument or ruling by the Court, relator filed a written notice of intent to apply for writs of certiorari, prohibition, and mandamus, which he had prepared before he came into court. It was then I stated that relator was premature in filing such notice to apply for writs because no action had been taken, nor ruling made, by the Court, and I further stated that I had not read the petition for change of venue and, of course, had not read the exception because it had just been filed, and I did not know the basis of the filing of the petition or the exception, and I requested him to read the pleadings. He then stated that he would read it if I insisted. I immediately sensed that there was evidently some reason why he did not desire to read it in open court, and I ordered him to take his seat, and I intended to call for the record and read it in order to ascertain its contents before ruling, but relator refused to sit down and stated that he was leaving the courtroom and picked up his brief case and proceeded to walk toward the side exit door passing directly in front of my desk, and I again ordered him to return and take his seat, and he ignored my *259 order and continued to walk toward the exit. It was then that I adjudged him in contempt for refusing to obey my order and imposed sentence upon him and ordered the Sheriff to take him to jail.”
The relator contends (1) that there was an abuse of judicial power and authority on the part of the respondent judge in that he sought to compel the relator to return to his seat for the ostensible purpose of continuing with the case when, in fact, there was no case pending before the Court for the reason that, there having been no return of service and citation, issue had not been joined and the action had not begun; that consequently the Court was without authority to take up the matter and to order relator to return for the purpose of proceeding with the trial thereof; (2) assuming, however, that the trial judge had authority in the case, relator cannot be punished because contempt proceedings are commonly treated as criminal in nature even when arising in civil actions, and the statute defining acts which constitute contempt on the part of attorneys, LSA-R.S.-13:4612, is not sufficiently definite to warn in advance that this type of act would be considered in contempt. In the alternative, he claims (3) that the Court sentenced him to the maximum penalty without indicating that he was being sentenced as a second offender and without evidence before the Court that he was a second offender; and in the further alternative, (4) that the punishment is too severe in view of the fact that the offense, if any, was very slight, there having been no disrespectful language nor insulting deed; and therefore we should order the time reduced to that already served — 5% hours in jail.
There is clearly no merit to any of relator’s contentions. The first is based on the erroneous assumption that the Court was without authority to hear the motion for a change of venue until after citation had been issued and the usual legal delays had elapsed. Relator cites no authority in support of his position — as, indeed, he cannot, there being none. The motion for a change of venue had been regularly fixed for trial without objection, and the matter was properly before the Court for consideration.
The fallacy of his second and third contentions lies in the fact that he is attempting to engraft the criminal law of this state to a contempt proceeding. While these proceedings have at times been referred to as criminal in their nature, in the case of City of Gretna v. Rossner, 154 La. 117, 97 So. 335, this Court aptly observed: “A contempt proceeding * * * is neither a civil nor a criminal cause in the proper acceptation of these terms, as its object is to vindicate the authority and dignity of the court. Contempt is not a statutory crime against the state, though considered in- some degree as a criminal act, but is a disobedience of some rule or order *261 of the court, or disrespect for the court.” 154 La. at page 120, 97 So. at page 336. Courts of general jurisdiction, in both civil and criminal cases, are vested with inherent power to punish as contempt every disobedience of their orders as well as every act impairing the respect properly due them; and for a more severe sentence all that the law requires, LSA-R.S. 13:4611, is that the offender “has been previously convicted of such offense towards the same court,” in which case “upon any subsequent conviction [he] shall be fined not less than one hundred dollars nor more than two hundred dollars or imprisoned for not more than ten days, or both, at the discretion of the court.” (Emphasis supplied.) The fact of his having been previously convicted[4] of the same offense toward the same court is peculiarly within the knowledge of the trial judge presiding over the court.
Relator’s fourth contention is equally without merit. The severity of the sentence in a contempt proceeding is within the sound discretion of the court, and is a matter into which we will not inquire -as long as the trial judge pronounces punishment within the limits fixed by law. This Court, in reviewing contempt proceedings under its supervisory jurisdiction, will examine only those matters relating to the jurisdiction or power of the court and the regularity of the proceedings. State ex rel. Barthet v. Judge of Civil District Court, 40 La.Ann. 434, 4 So. 131; State ex rel. Williams v. Louisiana Public Service Commission, 161 La. 293, 108 So. 487; Perrault v. Edwards, 170 La. 671, 129 So. 125; Woodard v. Johnson, 178 La. 501, 152 So. 65; State v. Dickinson, 191 La. 266, 185 So. 20; Pizzolato v. Cataldo, 202 La. 675, 12 So.2d 677
Finally, relator argues that he was not actually punished for disobedience of the order of the judge but because of the contents of the petition for change of venue, which cannot be the basis of a contempt action since he had a right to prove the charges contained in his petition. In this connection, he claims that he sensed a forthcoming abusive outburst from the judge, which he feared he would not be able to withstand without responding, and in walking out 6f the courtroom he was merely trying to avoid an incident which possibly would have led to a contempt. This argument is not supported by the record. . ■
For the reasons assigned, the writs are recalled and vacated.

. Relator represents tlie defendant, Mrs. Madge Tanner Gautreau, in a suit instituted March 3, 1953, by her husband, Andrew O. Gautreau, for divorce on the ground of living separate and apart for more than two years.

. Relator was sentenced to pay a fine of $200 and to serve ten days in jail.

. An exception to the citation filed by relator on behalf of the defendant, Madge Tanner Gautreau, having been heard and overruled on May 29, 1953, and a preliminary default entered, defendant applied to this Court for writs. These were refused. On December 7, 1953, the case having been called for judgment on confirmation, relator advised the Court that a petition for change of venue had just been filed with the Clerk, whereupon plaintiff’s attorney asked that the change of venue be set for hearing on December 11, 1953, and the matter was so fixed— without objection from relator, who was present in Court.

. Defendant was previously convicted of contempt by the same court on December 6, 1951, in a suit involving the same parties, and was sentenced to pay a fine of $100 and to serve 24 hours in jail, as reflected by the opinion of this Court in the case of Gautreaux v. Gautreaux [Gautreau v. Gautreau], 220 La. 564, 57 So.2d 188.