SUMMERS, Justice.
On February 12, 1968 the Louisiana State Board of Medical Examiners filed a rule against Robert L. Boisvert to show cause why he should not be held in contempt of court for violating an injunction against practicing medicine in the State of Louisiana without a license. The Board alleged it had sufficient evidence to prove he had, since the issuance of the injunction, been in the active practice of chiropractic, and, therefore, the practice of medicine without a license in the parish of Rapides. An amended rule to show cause was filed March 18, 1968 particularizing the acts relied upon to evidence the alleged violation.
Boisvert filed an answer and a motion for trial by jury. The motion was denied. Relying upon decisions of the United States Supreme Court rendered subsequent to the denial of the motion for jury trial, defendant Boisvert filed motions to reopen the question of his right to a jury trial in the contempt proceeding. The trial court reopened the matter, but following a hearing the motion for jury trial was again denied.
Boisvert was tried before the judge and found to have engaged in the practice of chiropractic in violation of the injunction rendered and signed on the 31st day of January 1958 on at least three occasions. Accordingly, he was found in contempt of the *1065 order and sentenced to pay a fine of $600, or in default thereof, to serve 48 hours in the parish j ail.
Following denial of writs by the Court of Appeal, Boisvert’s application to this Court was granted, limited to the question of his right to a jury trial in the contempt proceeding. 257 La. 263, 242 So.2d 243.
Based upon decisions of the United States Supreme Court in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Dyke et al. v. Taylor Implement Manufacturing Company, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968) and Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) and the reasons assigned in Louisiana State Board of Medical Examiners v. Bates, La., 249 So.2d 127, handed down this day, we find the trial judge was in error in.denying Boisvert a jury trial in the contempt proceeding.
For the reasons assigned in this and the Bates Case we hold that Boisvert was entitled to be tried by a jury of five (La.Code of Crim.Proc. art. 782) in the contempt proceeding; the judgment condemning him for contempt and the fine and alternative punishment imposed are, therefore, annulled, vacated and set aside, and these proceedings are remanded to the trial court to be proceeded with in accordance with law and in keeping with the reasons assigned herein.
TATE, J., recused, having participated in the Court of Appeal’s consideration.