480 So.2d 1031 (1985)
Robert R. HOFFMAN
v.
Bernita Greer, Wife of Robert R. HOFFMAN.
No. 85-CA-389.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
*1032 Donald W. Layburn, Jr., Mandeville, for defendant/appellant.
Leon I. Brainis, Kenner, for plaintiff/appellee.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
BOWES, Judge.
This appeal has been taken by the defendant Robert Hoffman on a judgment of the district court finding him guilty of contempt of court and sentencing him to 30 days in Parish Prison. The contempt rule was brought pursuant to a rule to make past due child support payments executory. We affirm the conviction for the reasons below.
Robert Hoffman and Bernita Greer were divorced in 1977. In the proceedings, Mr. Hoffman was ordered to pay $280.00 per month for the support of the minor children of his marriage. From March, 1981, through March, 1985, Mrs. Greer Hoffman filed eight rules for contempt, and to make past due support executory.
*1033 Prior to the judgment on appeal, there are, in the record, two judgments and one minute entry, not reduced to a written judgment, in which Mr. Hoffman was adjudged guilty of contempt and given either a suspended sentence, or an opportunity to purge himself of contempt by payment of the past due monies. On November 26, 1984, Mr. Hoffman's support obligation was increased by judgment to $500.00 per month. On January 18, 1985, Mrs. Hoffman filed a rule for contempt and to make past due child support executory, alleging that Mr. Hoffman was delinquent in the amount of $1,140.00. That hearing was continued without date. On March 18, 1985, Mrs. Hoffman filed another rule for contempt, this time claiming $3,459.89 in past due money. This rule, set originally for May 6th, was also continued. On May 28, 1985, a hearing was held on the contempt rule, the rule to make past due money executory, and a rule for reduction of child support which had been filed by Mr. Hoffman.
After hearing, the trial court found that Mr. Hoffman was in contempt and sentenced him to 30 days in Parish Prison; further, the court made executory the sum of $1,291.43, plus $300.00 in attorney fees, and costs and interest. The Court refused to suspend the sentence, but did release Mr. Hoffman pending appeal once the motion for appeal was filed.
Defendant appeals the contempt conviction alleging as error the following:
1) The finding of contempt of court was contrary to the law and evidence; and alternatively,
2) The sentence was excessive.
The threshold issue to be determined is whether the contempt in question was civil or criminal in nature. This court stated in Legrand v. Legrand, 455 So.2d 705 (La. App. 5th Cir.1984):
The test evolved is to look at the purpose of the sentence imposed: whether to coerce compliance with the court order or simply to punish for wilful disobedience of the court order.
An examination of the record shows that on previous contempt convictions, the defendant was given the opportunity to "purge" himself by paying the past due support. Such "opportunity", combined with the sentence, clearly coerces the defendant to comply with the order to pay past due support. No such choice was given to Mr. Hoffman in the present sentence. The trial judge determined that the sentence would be executed immediately, and did not condition the term or sentence upon payment. Thus the finding of contempt and subsequent sentence was clearly meant to punish the defendant for failing to pay the court-ordered support.
When the purpose of contempt is simply to punish, the contempt proceeding is in the nature of a criminal proceeding. Legrand, supra. Therefore, we are obliged to review the case on appeal as we generally review a criminal proceeding.
Defendant's allegation that the finding of contempt was contrary to the law and the evidence is without merit. Mr. Hoffman freely admitted at the hearing that he did not pay the money owed under the December judgment because he had "unexpected expenses." These expenses appear to have consisted of some medical costs for the second Mrs. Hoffman; additionally, defendant testified that in his line of work (he does air conditioning work) "things are a little bit slow."
While the above statements might possibly be viewed by the court as mitigating circumstances, most certainly they do not serve to absolve the defendant from his obligation to pay child support. The parental obligation of child support does not arise from the marriage but from the fact of paternity. Lewis v. Lewis, 404 So.2d 1230 (La.1981); La.C.C. art. 227. Support of one's children is one of the most basic obligations in human society, arising from the mere fact of paternity, and is an ongoing legal duty which, by operation of law, the defendant was under court order to meet. Such a primary obligation must be paid before and not after secondary obligations, such as "unexpected expenses", *1034 even if the father must deprive himself of nearly all but the necessities of life and even if "things are a little bit slow" economically. If he was unable to comply with the court's orders, he could not, under these circumstances, unilaterally redetermine the terms of support, but must obey the judgment while seeking provisions more favorable to him. At the very least, the father must exhibit good faith by trying to pay a substantial part of the amount due each month. Such was not even attempted by Mr. Hoffman. In the present case, the defendant did file a rule to reduce, but only after a number of contempt rules had been issued against him.
Therefore, we find no manifest error in the trial court's finding that Mr. Hoffman was in contempt of court.
Under LSA R.S. 13:4611, the penalty for contempt in the instant case is a fine of not more than $250.00, or imprisonment for not more than 30 days, or both. The sentence in this case was a 30-day jail term, as enunciated in the statute.
A sentence imposed under LSA R.S. 13:4611 is reviewable for excessiveness. Dove v. Dove, 386 So.2d 127 (La. 3rd Cir. 1980).
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. State v. Spencer, 374 So.2d 1195 (La. 1979). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or to grant him probation, the judge must consider certain factors enumerated in C.Cr.P. 894.1(A) and (B). His consideration should be based upon factual determinations. For example, he should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, his potential for rehabilitation through correctional services other than confinement. State v. Jackson, 360 So.2d 842 (La.1978); State v. Frank, 344 So.2d 1039 (La.1977).
State v. Jones, 398 So.2d 1049 (La.1981).
Our review of the record discloses that the defendant has been adjudged guilty of contempt for non-payment of support on a number of occasions. There is no indication that the opportunity to "purge" himself of contempt in the past by payment of the prior judgments has operated to rehabilitate the defendant, and such "probationary" methods have evidently only served to diminish Hoffman's appreciation of the seriousness of his offense, inasmuch as it has been repeated.
Accordingly, considering C.Cr.P. art. 894.1, the factors enumerated in Jones, supra, and the record, we find that the sentence imposed by the trial court in the present case was not excessive, and it is therefore affirmed.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal will be taxed to defendant-appellant.
AFFIRMED.