541 So.2d 933 (1989)
Mrs. Clare Gray Champagne, Wife of Hugh Pierce CHAMPAGNE
v.
Hugh Pierce CHAMPAGNE.
No. 88-CA-649.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
*934 A. Bruce Netterville, Mark Burton, Gretna, for defendant-appellant.
Max Zelden, Zelden and Rand, New Orleans, for plaintiff-appellee.
Before BOWES, GRISBAUM and WICKER, JJ.
GRISBAUM, Judge.
This appeal relates to a judgment pursuant to a rule for contempt. The judgment makes past-due alimony owed by Hugh Pierce Champagne executory and awards mover, Clare Gray Champagne, attorney's fees, court fees, judicial interest, and costs. It also adjudges Mr. Champagne guilty of contempt of court and orders his incarceration in the Jefferson Parish Correctional Institution for "90 days flattime." We amend, affirm, and remand.
ISSUE
We are called upon to determine whether the contempt proceeding is criminal in nature, thus entitling the defendant to the rights guaranteed criminal defendants by the United States and Louisiana Constitutions.
FACTS
Hugh Pierce Champagne and Clare Gray Champagne were married on November 19, 1955 and divorced on May 9, 1979. Together they had seven children. Through the years Mrs. Champagne filed numerous rules for contempt due to alimony arrearages, which led to Mr. Champagne's incarceration three times, each for a 30-day period. After a hearing on April 26, 1988 on a rule for contempt, the trial court rendered a judgment on April 29, 1988 making $5250 of alimony arrearages executory, awarding Mrs. Champagne attorney's fees, five percent court fees on the amount due, judicial interest from the date each alimony payment became due and payable, and costs. It also adjudged Mr. Champagne guilty of contempt of court and ordered his incarceration in the Jefferson Parish Correctional Institution for "90 days flattime." Lastly, it assigned 50 percent of his disposable earnings from Dental Care, Inc. to Mrs. Champagne and continued Mr. Champagne's rule for reduction of alimony without date.
LAW
Louisiana's statutory directives for civil contempt are found in La.C.C.P. arts. 221-227 and in La.R.S. 13:4611, which, in pertinent part, provide:
Art. 221. Kinds of contempt
A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.
Contempts of court are of two kinds, direct and constructive.
Art. 224. Constructive contempt
A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitutes a constructive contempt of court:
. . . .
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court....
Art. 225. Same; procedure for punishing
A. Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor *935 only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly. The rule to show cause may issue on the court's own motion or on motion of a party to the action or proceeding and shall state the facts alleged to constitute the contempt. A person charged with committing a constructive contempt of a court of appeal may be found guilty thereof and punished therefor after receiving a notice to show cause, by brief, to be filed not less than forty-eight hours from the date the person receives such notice why he should not be found guilty of contempt and punished accordingly. The person so charged shall be granted an oral hearing on the charge if he submits a written request to the clerk of the appellate court within forty-eight hours after receiving notice of the charge. Such notice from the court of appeal may be sent by registered or certified mail or may be served by the sheriff. In all other cases, a certified copy of the motion, and of the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time assigned for the trial of the rule.
B. If the person charged with contempt is found guilty the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.
Art. 227. Punishment for contempt
A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law.
The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in R.S. 13:4611.
§ 4611. Punishment for contempt of court
Except as otherwise provided for by law:
(1) the supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
. . . .
(c) For a deliberate refusal to perfom an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and
(d) For any other contempt of court, including disobeying an order for the payment of child support or alimony or an order for the right of visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both. (emphasis added).
Although some Louisiana courts have mentioned, in dicta, that contempt proceedings involving civil cases can be criminal or quasi-criminal in nature,[1] the precise constitutional issue presented appears to be res nova in Louisiana.[2]
The United States Supreme Court recently presented guidelines for determining whether a contempt proceeding is civil or criminal in nature. Feiock v. Feiock, 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). The Feiock court stated that the substance of the proceeding and the character of the relief afforded by the proceeding *936 determine whether it is civil or criminal in nature. It explains:
"If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911). The character of the relief imposed is thus ascertainable by applying a few straightforward rules. If the relief provided is a sentence of imprisonment, it is remedial if "the defendant stands committed unless and until he performs the affirmative act required by the court's order," and is punitive if "the sentence is limited to imprisonment for a definite period." Id., at 442, 31 S.Ct. at 498. If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order. These distinctions lead up to the fundamental proposition that criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt. See, e.g., Gompers, supra, at 444, 31 S.Ct., at 499; Michaelson v. United States ex rel. Chicago, St. P., M. & O.R. Co., 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924)5.
5We have recognized that certain specific constitutional protections, such as the right to trial by jury, are not applicable to those criminal contempts that can be classified as petty offenses, as is true of other petty crimes as well. Bloom v. Illionis, 391 U.S. 194, 208-210, 88 S.Ct. 1477, 1485-1486, 20 L.Ed.2d 522 (1968). This is not true, however, of the proposition that guilt must be proved beyond a reasonable doubt. Id., at 205, 88 S.Ct., at 1484.
Feiock, supra, 108 S.Ct. at 1429-30 (emphasis added).
The Supreme Court, citing Penfield Co. v. SEC, 330 U.S. 585, 588, 67 S.Ct. 918, 920, 91 L.Ed. 1117 (1947), states that, in Penfield, the United States Supreme Court "[R]uled that since the man was not tried in a proceeding that afforded him the applicable constitutional protections, he could be given a conditional term of imprisonment but could not be made to pay `a flat, unconditional fine of $50.00.'" Feiock, supra, 108 S.Ct. at 1430 (citations omitted).
The Supreme Court went on to say:

Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966), adheres to these same principles. There two men were adjudged guilty of contempt for refusing to obey a court order to testify under a grant of immunity. Both were sentenced to two years of imprisonment, with the proviso that if either answered the questions before his sentence ended, he would be released. The penalties were upheld because of their "conditional nature," even though the underlying proceeding lacked certain constitutional protections that are essential in criminal proceedings. Id., at 365, 86 S.Ct., at 1533. Any sentence "must be viewed as remedial," and hence civil in nature, "if the court conditions release upon the contemnor's willingness to [comply with the order]." Id., at 370, 86 S.Ct., at 1535. By the same token, in a civil proceeding the court "may also impose a determinate sentence which includes a purge clause." Id., at 370, n. 6, 86 S.Ct., at 1536, n. 6 (emphasis added). "On the contrary, a criminal contempt proceeding would be characterized by the imposition of an unconditional sentence for punishment or deterrence." Id., at 370, n. 5, 86 S.Ct., at 1535, n. 5.7
7In these passages from Shillitani, the Court clearly indicated that when it spoke of a court conditioning release upon the contemnor's willingness to comply, it did not mean simply release from physical confinement, but release from the imposition of any sentence that would otherwise be determinate. The critical feature that determines whether the remedy is civil or criminal in nature is not when or whether the contemnor is physically required to set foot in a jail but whether the contemnor can avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order. It follows that the remedy in this case is not rendered civil in nature merely by suspending *937 respondent's sentence and placing him on probation (with its attendant disabilities....)
Feiock, supra, 108 S.Ct. at 1431 (emphasis added).
Thus, under Feiock, a court's imposition of a determinate sentence in a civil contempt hearing must include a purge clause, contrary to Wall v. Wall, 230 So.2d 420, 425 (La.App. 1st Cir.1969), modifying Hoffman v. Hoffman, 480 So.2d 1031 (La.App. 5th Cir.1985) and LeGrand v. LeGrand, 455 So.2d 705 (La.App. 5th Cir.1984). As the U.S. Supreme Court stated in Feiock, supra, 108 S.Ct. at 1433, "[I]f the trial court had imposed only civil coercive remedies, as surely it was authorized to do, then it would be improper to invalidate that result merely because the Due Process Clause, as applied in criminal proceedings, was not satisfied."
Here the trial court imposed a determinate 90-day sentence which did not contain a "purge clause." Since the contempt proceeding was criminal in nature and the defendant was due the constitutional protections afforded in criminal matters, the trial court erred.
For the reasons assigned, that part of the judgment dated April 29, 1988 relating to "flattime" is hereby deleted. In all other respects, the judgment is affirmed. It is further ordered, adjudged, and decreed that the matter be remanded for further proceedings consistent with the views expressed herein. We decline to address the constitutionality of La.R.S. 13:4611(1)(d), as that issue was not raised at the trial nor was an assertion of unconstitutionality pleaded prior to the brief's filing in this Court. Lemire v. New Orleans Public Serv., 458 So.2d 1308, 1311 (La.1984); State of La. in the Interest of J.B., 499 So.2d 611, 612 (La.App. 5th Cir.1986), writ not considered, 503 So.2d 8 (La.1987), reconsideration granted, writ denied, 504 So. 2d 870 (La.1987). Although not deciding, we find La.R.S. 13:4611(1)(d) is patently unconstitutional.
AMENDED, AFFIRMED, AND REMANDED.
BOWES, Judge, concurring.
Whereas I concur with the conclusion reached by the writer in the last paragraph of the opinion and agree that we should decline to address the constitutionality of La.R.S. 13:4611(1)(d) for the reasons asserted in the opinion, I cannot agree with the last statement of the opinion, which states "Although not deciding, we find La.R.S. 13:4611(1)(d) is patently unconstitutional."
WICKER, Judge, concurring.
I agree with the result reached by the writer. I further concur with the decision to decline to address the constitutionality of La.R.S. 13:4611(1)(d), since that issue was neither pleaded nor raised at the trial level. I disagree with the finding by this Court that the above Louisiana statute is "patently unconstitutional" even though the writer had decided not to address the issue.
NOTES
[1] See Ourso v. Ourso, 282 So.2d 157, 158 (La. App. 4th Cir.1973); Wall v. Wall, 225 So.2d 47 (La.App. 1st Cir.1969); Gautreau v. Gautreau, 225 La. 254, 72 So.2d 497 (1954); Pizzolato v. Cataldo, 202 La. 675, 12 So.2d 677 (1943); Perrault v. Edwards, 170 La. 671, 129 So. 125 (1930); City of Gretna v. Rossner, 154 La. 117, 97 So. 335 (1923); Roussel v. Railways Realty Co., 133 La. 153, 62 So. 608 (1913).
[2] But see La. State Bd. of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127 (La.1971), where the Louisiana Supreme Court, guided by then-recent U.S. Supreme Court decisions, determined that when a maximum fine of $1000, or imprisonment for not more than 12 months, or both, could have been imposed, a civil contempt proceeding brought against a defendant for practicing medicine without a license was criminal "for all relevant purposes," entitling defendant to be tried by a jury of five. See also La. State Bd. of Medical Examiners v. Boisvert, 258 La. 1062, 249 So.2d 132, 133 (1971).