808 So.2d 632 (2001)
Holly Brunet LEGER
v.
Kin Allen LEGER.
No. 2000 CA 0505.
Court of Appeal of Louisiana, First Circuit.
May 11, 2001.
*634 Janine C. Williams, Covington, LA, for defendant/appellant Kin Allen Leger.
Robert J. Prejeant, Houma, LA, for plaintiff/appellee Holly Brunet Leger.
BEFORE: CARTER, C.J., WEIMER, and KLINE,[1] JJ.
*635 WEIMER, Judge.
This matter is on appeal following a lower court ruling finding the defendant, Kin Leger, in contempt of court for failing to pay court-ordered child support and alimony. Defendant also appeals the award for child support alleging it was an abuse of discretion for the court to order an upward deviation from the support guidelines without reasons.

FACTS AND PROCEDURAL BACKGROUND
Mr. Leger flied a rule to reduce child support and terminate alimony alleging a change of circumstances. Ms. Leger filed a rule for contempt for failure to pay child support and alimony. She asked that the court grant an executory judgment for the arrearages, punish defendant for contempt, and award attorney fees and court costs necessitated by the rule.
When the parties appeared before the court for trial of the rules, they informed the court that a stipulation covering most issues had been reached. The stipulation was filed into the record as ordered by the court. The only matter left to be tried was the rule for contempt.
Following the hearing, the trial judge found Mr. Leger in contempt for failure to pay his child support and ordered that he serve fourteen days in jail. Mr. Leger suspensively appealed that ruling. He served two days in jail before posting bond and being released pending a ruling on appeal.

DISCUSSION

Contempt
Constructive contempt of court is any contempt other than a direct one. LSA-C.C.P. art. 224. Constructive contempt includes the willful disobedience of any lawful judgment of the court. LSA-C.C.P. art. 224(2). The punishment a court may impose upon a person adjudged guilty of contempt of court is provided in LSA-R.S. 13:4611.
The penalty which may be imposed for contempt of court for disobeying an order for the payment of child support or spousal support is a fine of not more than five hundred dollars or imprisonment for not more than three months, or both. LSA-R.S. 13:4611(1)(d). To find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of court intentionally, knowingly, and purposely, without justifiable excuse. The trial judge is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order. Estate of Graham v. Levy, 93-0636, pp. 4-5 (La.App. 1 Cir. 4/8/94), 636 So.2d 287, 290, writ denied, 94-1202 (7/1/94), 639 So.2d 1167. The court's decision should be reversed only when the appellate court discerns an abuse of that discretion. de Nunez v. Bartels, 97-1384, p. 13 (La.App 1 Cir. 9/9/98), 727 So.2d 463, 469-470.
Review of the record indicates that Mr. Leger was involved in an automobile accident during November 1998. He filed a rule to terminate alimony and reduce child support on December 2, 1998. He provided a disability certificate dated November 5, 1998, from Dr. Paul M. Doty indicating that he was totally incapacitated for an undetermined period due to a dislocated shoulder and a fractured navicular. According to the stipulation reached by the parties, Mr. Leger owed $5,500 in past due child support and alimony as of the date of the filing.[2] Because of the amount *636 of the past due support owed, a substantial portion of the arrearages accrued prior to the injuries he suffered in the automobile accident. He acknowledged that he had only paid $100 since the date of the filing of the rule.
Also, according to the stipulation Mr. Leger's income had decreased from $47,982 in 1997 to $28,770 in 1998. Additionally, because of the automobile accident, he was unable to work and his income was limited to $1,846 a month in compensation payments. Testimony adduced at the hearing on the rule for contempt indicated the decrease in income had resulted from employment with a different company as well as the decline in the amount of work available. Mr. Leger was employed as a crane mechanic. He testified that he did not carry medical insurance at work because he could not afford it. He acknowledged he had not attempted to discuss the need to reduce the support payments with Ms. Leger; he simply had not paid the support due.
Mr. Leger also testified that he and another woman identified as his fiancé have an infant son who has significant medical bills and will require surgery. He admitted he had not paid anything on that debt, but acknowledged that he had received some bills.
Considering the evidence before the court, we cannot say the trial court erred in finding Mr. Leger in contempt for failure to pay alimony and child support. That portion of the judgment is affirmed.

Lack of a "Purge Clause"[3]
The more significant issue to be decided is whether the court erred in sentencing Mr. Leger to serve fourteen days in parish prison without giving him the opportunity to purge himself from the punishment by paying the past due support. On appeal, Mr. Leger argues based on Feiock v. Feiock, 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988), that a court's imposition of a determinate sentence in a civil contempt hearing must include a "purge clause." He further argues that since his sentence did not contain a "purge clause," the proceeding was criminal in nature and he was due all constitutional protections afforded in criminal matters. Thus, he argues it was error for the court to sentence him to jail time without an opportunity to purge himself of the sentence.
We have carefully reviewed Champagne v. Champagne, 541 So.2d 933 (La.App. 5 Cir.1989), which relied on Feiock as well as the proceedings before the district court in this matter. The Feiock case involved a California statute which created a mandatory presumption that the parent had the ability to pay and, thus, shifted the burden of proof to the defendant. The Supreme Court found Mr. Feiock was denied due process because the contempt proceeding was in the nature of a criminal proceeding. When the contempt proceeding is criminal in nature, the defendant must be afforded certain constitutional rights including the requirement that the offense be proved beyond a reasonable doubt. Feiock, 485 U.S. at 632, 108 S.Ct. 1423.
Our colleagues of the Fifth Circuit Court of Appeal in Champagne, relying on Feiock, decided that if the court gives the defendant a determinate sentence in a civil contempt proceeding, it must include a *637 "purge clause." Champagne, 541 So.2d at 937. This is contrary to our holding in Wall v. Wall, 230 So.2d 420, 425 (La.App. 1 Cir.1969), wherein this court concluded that the trial judge, in punishing for contempt for failure to comply with a judgment for alimony, does not have to give the defendant the opportunity to purge himself of contempt. The court concluded that sentencing a defendant to prison and giving him the opportunity to purge himself is not a resort to "debtor's prison" and, therefore, not prohibited.
The Louisiana statutes involved do not create a mandatory presumption which in effect shifts the burden of proof for nonpayment and contempt to the defendant as did the California statute in the Feiock case. However, the contempt proceeding in this matter was criminal in nature since the court assigned a determinate jail sentence. Nevertheless, Mr. Leger was afforded all constitutional protections. He had notice of the hearing, he was present at the hearing, and he was represented by counsel. When called to testify, he willingly took the stand and answered questions regarding his failure to pay support as ordered by the court. There was no objection to the manner in which the proceeding was conducted. His guilt was established beyond a reasonable doubt. Following the hearing, when the court imposed sentence, counsel for defendant requested that the sentence be delayed as the defendant was due to be in Miami with his infant child the following week. The court denied the request. There was no objection raised as to the sentence being imposed without a "purge clause" nor was there an objection that the contempt proceeding had been a criminal contempt proceeding since the court ordered incarceration without an ability to purge.
If the contempt proceeding is in the nature of a civil proceeding, but without the constitutional safeguards afforded to a criminal defendant, a sentence of incarceration without affording the defendant the opportunity to purge the sentence would be impermissible. See Feiock, 485 U.S. at 632, 108 S.Ct. 1423. However, if the constitutional safeguards are afforded the defendant, including proof of the contempt beyond a reasonable doubt, no opportunity to purge the sentence is required. In this matter, we find the defendant was afforded proper constitutional protections and his guilt of being in contempt was established beyond a reasonable doubt. The judgment of the court ordering Mr. Leger to serve fourteen days in jail is affirmed.
A trial court has within its arsenal of remedies the ability to impose jail time for violations of support orders provided the proper procedure is followed. A trial court is not limited to coercive civil remedies. If the trial court is without the ability to impose jail time that cannot be purged, some recalcitrant parents who are ordered to pay support will have no incentive to pay. Disappointingly, some would opt to avoid payment until the jail cell door is ready to be closed.
In Feiock, Justice O'Connor, with whom Justices Rehnquist and Scalia joined in dissent, noted "how difficult it can be to obtain even modest amounts of child support from a noncustodial parent" and quoted the petitioner as "vividly" describing the child support order as a "worthless piece of scrap." She also quoted from an amici curiae brief which referred to the failure to enforce child support obligations as a "national scandal." Feiock, 485 U.S. at 642-644, 108 S.Ct. 1423.
Children cannot live on light and air; they need and are entitled to not only love and affection, but also the financial support of their parents. This financial *638 support obligation is based on the needs of the children and the ability of the parents to provide support. LSA-C.C. art. 141.

Length of Sentence
Mr. Leger also assigns as error the length of the sentence imposed by the court arguing that fourteen days in jail for a totally disabled individual is equivalent to excessive and cruel punishment prohibited by the Eighth Amendment of the United States Constitution and Article 1, Section 20 of the Louisiana Constitution.
A jail sentence imposed under LSA-R.S. 13:4611 upon a person adjudged guilty of contempt is reviewable for excessiveness under State v. Sepulvado, 367 So.2d 762 (La.1979). See also Goins v. Goins, 437 So.2d 947, 952, (La.App. 2 Cir. 1983); Fontana v. Fontana, 426 So.2d 351, 355 (La.App. 2 Cir.), writ denied, 433 So.2d 150 (1983). Absent a manifest abuse of the discretion given the trial judge in imposition of sentences within statutory limits, a sentence imposed by a trial judge should not be set aside as excessive. State v. Lanclos, 419 So.2d 475, 478 (La.1982). A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the needless imposition of pain and suffering. To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society, and determine whether the penalty is so disproportionate that it shocks our sense of justice. State v. Guidroz, 432 So.2d 348, 349, (La.App. 1 Cir.), writ denied, 437 So.2d 1152 (1983).
Review of the record reveals this is not the first time that defendant has been ruled into court for contempt for failure to pay support. The original rule for contempt was waived by the Department of Social Services following rendition of an executory judgment against Mr. Leger for arrearages. This is the second time he has been ruled into court for failure to pay support as ordered by the court since the couple divorced in August 1996. He stipulated to the sum of $5,500 in arrears as of December 1, 1998, the date of the filing of the rule to decrease child support and terminate spousal support. At the hearing on the rule for contempt, Mr. Leger indicated he had paid only $100 toward his obligation since filing the rule to reduce and terminate. Therefore, Mr. Leger was in arrears for the additional three months between the filing and the hearing. Obviously, the trial court believed that incarceration was the proper way to convince Mr. Leger of the seriousness of matter. The statute provides for imprisonment for not more than three months. LSA-R.S. 13:4611(1)(d). We cannot say that a sentence of fourteen days in the parish jail is an abuse of the much discretion afforded the trial court. The length of the sentence is affirmed.

Amount of Child Support
As an additional assignment of error, Mr. Leger alleges it was error for the trial court to order him to pay child support in excess of the recommended guidelines without articulating reasons. The parties entered into a stipulation that Mr. Leger would pay child support for the two children in the amount of $450 a month effective December 1998. The reduction in child support payments was based on Mr. Leger's receipt of $1,846 a month in longshoreman's benefits and Ms. Leger's employment and earnings of $787 a month. According to the guidelines, child support for two children whose parents' combined income level equals $2,633 a month would be $644. LSA-R.S. 9:315.14. Mr. Leger would be responsible for 70% of the monthly amount, or approximately $450. The parties entered into a stipulation *639 whereby his child support would be $450 a month.[4] Although the trial court ordered the stipulations of the parties filed in the record, the court disregarded the stipulation and ordered Mr. Leger to pay $550 a month in child support, $275 for each child.
We have reviewed the record and find that the trial judge did not articulate any reason for deviating from the guidelines. Under the provisions of LSA-R.S. 9:315.1(B) the court may deviate from the guidelines set forth, but shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines.
We are mindful that the trial court is not bound by a stipulation of the parties, but in fact may review the stipulation. LSA-R.S. 9:315.1(D). In so doing, the court shall consider the guidelines set forth to review the adequacy of the stipulation. Id. The trial court may approve a deviation from the guidelines contained in a stipulation of the parties, provided it specifies for the record, either orally or in writing, the reasons for the deviation. Stogner v. Stogner, 98-3044, p. 9 (La.7/7/99), 739 So.2d 762, 768. As the supreme court noted:
Such an approach underscores the integral role of the trial court as gatekeeper in this area of paramount importance. If properly performed in accordance with the guidelines, this judicial review will further assure the adequacy and consistency of child support awards, foster evenhanded settlements, and preserve a record for the evaluation of later proceedings to modify initially stipulated child support awards.
This analysis is not to be viewed as an abrogation of that body of law which has recognized that a consent (stipulated) judgment is by its nature a bilateral agreement between the parties wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. Notwithstanding the freedom of the parties to so agree, parties must remember that their agreements may not "derogate from laws enacted for the protection of the public interest." In the present instance, it is clear that the stipulated child support recognized in the judgment must conform with the public policy codified in the child support guidelines with its concomitant best interest presumption and mandated adequacy review provisions. Accordingly, we find that pursuant to La.R.S. 9:315.1(A) and (D), the trial court should have "consider[ed] the guidelines set forth [and] ... review[ed] the adequacy of the stipulated amount, ...." before the stipulated judgment was presented to it for signature, and further, the trial court should have given oral or written reasons warranting the deviation from the guidelines, La.R.S. 9:315.1(B). (Citations and footnotes omitted.)
Stogner, 98-3044 at 9-10, 739 So.2d at 768-769.
Because the trial court deviated upward from the stipulated amount, which amount was the amount provided for in the guidelines, but provided no reasons for doing so, *640 we are constrained to remand this matter to the trial court for proceedings consistent with this opinion. If the court chooses to deviate from the guidelines and the amount stipulated by the parties, the court is to provide oral or written reasons for the deviation. Id.
In the interim between the date of this judgment and the hearing and decision by the district court on remand, Mr. Leger is ordered to pay $450 a month for child support. At the hearing on remand, the trial court is to determine the amount of child support for which the defendant is responsible and the date such obligation is to commence. The interim order of the First Circuit Court of Appeal expires upon rendition of the judgment of the district court on remand.

CONCLUSION
For the foregoing reasons, the judgment of the trial court finding defendant in contempt and sentencing him to fourteen days in parish prison is affirmed. Upon finality of this judgment, the trial court is to order defendant's sentence be made executory with credit for time served. The matter is remanded for a hearing, consistent with this opinion, regarding the deviation in amount of the child support as provided in the stipulation and under the guidelines. The defendant, Kin Leger, is ordered to pay child support in the amount of $450 a month effective as of the date of this opinion, continuing until the rendition of judgment by the trial court following remand. Costs of the appeal are assessed to defendant.
AFFIRMED IN PART, ORDER ISSUED AND CASE REMANDED.
KLINE, J. concurs with reasons.
CARTER, J. concurs for reasons assigned by KLINE, J.
KLINE, J., concurring.
I respectfully concur and write to further emphasize and elaborate on the assignment of error related to the contempt proceeding. I believe that there is no question that the punishment was criminal in nature and therefore, the trial court was required to ensure that state and federal constitutional protections were applied in the contempt proceeding.
In Wall v. Wall, 230 So.2d 420, 425 (La.App. 1st Cir.1969), this court stated that in punishing someone for failure to comply with a judgment for alimony, the trial court was not required to include a purge clause in the punishment. Our brethren of the fifth circuit have questioned that case in light of Feiock v. Feiock, 485 U.S. 624, 637, 108 S.Ct. 1423, 1432, 99 L.Ed.2d 721 (1988). Champagne v. Champagne, 541 So.2d 933, 937 (La.App. 5th Cir.1989). I believe that our conclusion in Wall is still correct. A trial court does not have to include a purge clause in a contempt punishment. If the trial court imposes a determinate sentence without a purge clause, the punishment is criminal in nature and the trial judge must ensure that Louisiana and United States constitutional protections are applied in the contempt proceeding. See Feiock, 485 U.S. 624, 108 S.Ct. at 1432.
The trial court sentenced Mr. Leger to serve fourteen days in parish prison. The sentence did not contain a purge clause. Therefore, under the rationale of Feiock, the punishment is criminal in nature and could be imposed only if state and federal constitutional protections were applied in the contempt proceeding. Included among all of those constitutional protections is the that the offense be proved beyond a reasonable doubt and that the defendant be afforded counsel. Feiock, 485 U.S. 624, 108 S.Ct. at 1430. I agree that Mr. Leger's guilt was established with counsel beyond *641 a reasonable doubt and that other Louisiana and United States constitutional safeguards were afforded Mr. Leger. This assignment of error lacks merit.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note the pleading filed by Ms. Leger alleges arrearages in the amount of $7,603.39 as of January 1, 1999.
[3] A "purge clause" is a provision in the contempt judgment which allows the defendant to avoid imprisonment by performance of the required act or compliance with the court's judgment. See City of Kenner v. Jumonville, 97-125, p. 20 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, 234, writ denied, 97-2890 (La. 1/30/98), 709 So.2d 718.
[4] Item 4 of the Stipulation states: "The amount of child support owed by Ken Leger according to the Schedule for Support under LA R.S. 9:315.14 would be $450.00 per month." The parties treated the stipulation as a stipulation to a reduction. At the hearing, counsel for Mr. Leger informed the court that the parties stipulated to all matters in his rule for reduction.