LAURIE ANN SALVAGGIO MIREMONT
v.
JOHN LYNN MIREMONT.
No. 2006 CA 2075.
Court of Appeals of Louisiana, First Circuit.
August 29, 2007.
MARCUS T. FOOTE Attorney for Plaintiff-Appellant, Laurie Ann Salvaggio Miremont.
BRIAN J. PRENDERGAST, Attorney for Defendant-Appellee, John Lynn Miremont.
Before: BAGNERIS, LOVE, and LOMBARD, JJ.[1]
TERRI F. LOVE Judge, Ad Hoc.
This appeal arises from a judgment of the Family Court (1) ruling that John Miremont's April 12, 2000 Petition to Modify Child Support had not been abandoned, (2) implementing a new child support amount, and (3) denying all contempt motions filed by both John Miremont and Laurie Ann Salvaggio Miremont. For reasons stated herein, we reverse in part, affirm in part and remand.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
In April 1991, Laurie Ann Salvaggio Miremont ("Ms. Salvaggio") filed a Petition for Divorce. John Lynn Miremont ("Mr. Miremont") filed an Answer to Petition for Divorce and Reconventional Demand. Judgment was rendered, granting Ms. Salvaggio provisional custody of the minor child of the marriage, and granting Mr. Miremont specific and reasonable visitation. This judgment also ordered Mr. Miremont to pay child support in the sum of $750.00 per month. This ruling was incorporated into the Judgment for Divorce that was subsequently rendered.
Mr. Miremont filed a Rule for Modification of Custody, requesting that the parties be granted joint custody and equal custody of the child. In a Stipulated Judgment, the Court ordered the parties to alternate custody of the minor child on an alternating weekly basis.
Mr. Miremont later filed a Rule for Modification of Custody, seeking sole custody of the minor child due to a "material change in circumstances" and termination of child support. Mr. Miremont also objected to the relocation of the minor child with his mother to Mississippi. In September 2000, a trial was held on the issue of relocation. The court found that the proposed relocation was not in good faith and that the relocation was not in the best interest of the minor child. The request to modify custody was not addressed at that time. However, the court did reserve the right to place the matter back on the docket should Ms. Salvaggio not return to Baton Rouge, Louisiana.
In October 2000, Ms. Salvaggio filed a Rule for Child Support Arrearages and Contempt, alleging that Mr. Miremont was condemned for failing to comply with the Court order of November 1991 to pay child support in the amount of $4,500.00. Ms. Salvaggio alleged that Mr. Miremont had not paid child support since March 2000. No hearing was held on this motion and the matter was never reset.
In January 2001, Ms. Salvaggio opposed Mr. Miremont's Motion for Attorney Fees in connection with the Court's hearing on the relocation issue. Mr. Miremont sought attorney's fees on the grounds that Ms. Salvaggio failed to give him written notice of the intent to relocate with the minor child, however, the court denied his request for attorney's fees.
On April 12, 2001, Ms. Salvaggio filed a Motion to Substitute Counsel.
On February 11, 2004, Ms. Salvaggio filed a Motion for Past Due Child Support, Contempt and Attorney's Fees. Ms. Salvaggio alleged that Mr. Miremont had failed to pay child support since March 2000 and was in arrearages for a total of $34,875.00. Ms. Salvaggio also alleged that Mr. Miremont should be in held in contempt for disobeying the judgment of child support payments.
In June 2004, Mr. Miremont filed a Rule for Contempt of Court, Attorney Fees, Enforcement of Visitation, and Rule to Reduce Child Support. In this Rule, Mr. Miremont contended that Ms. Salvaggio had not returned to Baton Rouge and that she was in violation of the Court order allowing visitation to Mr. Miremont. Mr. Miremont also sought attorney fees in connection with these allegations.
The record reflects that nothing was filed by either party after the April 2001 Motion for the Substitution of Counsel for Ms. Salvaggio, and before the February 2004 Motion for Past Due Child Support, Contempt and Attorney Fees filed by Ms. Salvaggio.
At the trial of this matter, the trial court concluded that the action seeking a change in custody and child support filed by Mr. Miremont on April 2000 had not been abandoned. The court also calculated child support for the time period from April 20, 2000 (the date of judicial demand for modification) to October 3, 2005 (the date Mr. Miremont agreed to joint custody). The calculations were made in accordance with La. Rev. Stat. 9:315.8. Finally, the trial court dismissed both parties' motions for contempt. It concluded that both parties came to court with "unclean hands," therefore neither party will be held in contempt of court.

STANDARD OF REVIE
The issue on appeal is a question of law. Therefore, this court must determine whether the trial court has applied the law properly. The scope of appellate review is simply to determine whether the trial court's interpretation is legally correct. Cangelosi v. Allstate Ins. Co., 96-0159 (La. App. 1 Cir. 9/27/96), 680 So. 2d 1358, 1360, writ denied, 96-2586 (La. 12/13/96), 692 So.2d 375. Where the trial court's decision is based on an erroneous application of law, rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Kern Search, Inc. v. Sheffield, 434 So. 2d 1067, 1071-72 (La. 1983); Voisin v. International Companies & Consulting, Inc., XXXX-XXXX (La. App. 1 Cir. 2/10/06), 924 So. 2d 277, 280; Faust v. Greater Lakeside Corp., 03-0808 (La. App. 4 Cir. 11/26/03), 861 So. 2d 716, 718.

DISCUSSION

Abandonment
The statutory law on abandonment is found in La. Code of Civil Procedure Art. 561, which provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(1) Which has been opened;
(2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment...
La. Code of Civil Procedure Art. 421 defines an "action" as:
... a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.
The Supreme Court has expressed that Article 561 imposes three requirements to prevent a claim from being dismissed based on abandonment. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La. 5/15/01), 785 So. 2d 779. First, a party must take some step in the prosecution or defense of the action. A "step" is defined as taking any formal action before the court intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. La. CCP 561(B). Second, a party must take that step in the trial court and, with the exception of formal discovery, on the record of the suit. Third, a party must take the step within three years of the last step taken by either party. Clark, 785 So. 2d at 748.
Article 561 is to be liberally interpreted and any action or step taken to move a case forward towards judgment should be considered. Voisin v. International Companies & Consulting, Inc., 05-0265 (La. App. 1 Cir. 2/10/06), 924 So. 2d 277, 280; Breaux v. Auto Zone, Inc., 00-1534 (La. App. 1 Cir. 12/15/00) 787 So. 2d 322, 324. The article was not intended to dismiss cases in which a plaintiff had clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, or to dismiss on mere technicalities. Breaux, 787 So. 2d at 322. However, Article 561 is intended to dismiss cases that have in fact been abandoned.
In this matter, the trial court found that Ms. Salvaggio waived her right to assert abandonment when she filed the Motion for Past Due Child Support on February 11, 2004, based on the second exception to the abandonment rule. The trial court also found that the intent of the Judgment rendered on September 8, 2000, was to not set a time limit on allowing Mr. Miremont to bring his actions of custody and child support.
The Appellant in this case, Laurie Ann Salvaggio Miremont, argues that the trial court improperly ruled that Mr. Miremont's April 20, 2000 Rule to Modify Child Support was not abandoned. Ms. Salvaggio contends that no "step" was taken by the Appellant to prosecute his April 12, 2000 action within three years, thus asserting the action as abandoned.
The law and precedent on abandonment are clear. Abandonment is self-operative and requires no motion or formal action by either party or the court. In examining the sequence of events of this case, it is apparent that neither party filed anything into the record between April 12, 2001 and February 11, 2004. This time period is less than three years.
However, the filing on April 12, 2001 was a Motion to Substitute Counsel, which does not constitute a step in the prosecution or defense of an action. James v. Formosa Plastics Corp. of LA, 01-2056 (La. 4/3/02), 813 So. 2d 335. In James, the court reiterated it's holding that a motion to substitute counsel is not a step in the prosecution or defense of an action. Id. (citing Chevron Oil Co. v. Traigle, 436 So. 2d 530 (La. 1983)). Similarly, in Jones v. Phelps, the court stated that the fact that Defendant filed a motion to enroll counsel did not constitute a waiver of his right to plead abandonment. 95-0607 (La. App. 1 Cir. 11/9/95), 665 So. 2d 30, 35.
Since the April 12, 2001 motion cannot be considered a step in the prosecution or defense of an action, this date must be eliminated. The next filing date is January 23, 2001. The time period between this date and the date of the next "step" is over three years. Because nothing was filed by either party within the legislatively prescribed three years, the action of Mr. Miremont is abandoned.

Jurisprudential Exceptions to Abandonment
Abandonment is self-executing; it occurs automatically after the passing of three years without a step being taken by either party, and is effective without a court order. Clark, 785 So. 2d at 748. Any step taken by a party after the legislatively prescribed period of three years has accrued is ineffective to prevent a judgment of dismissal on grounds of abandonment. However, there are two exceptions to the abandonment rule set forth in La. CCP 561. The first exception is plaintiff-oriented, based on the concept of contra non valentem. Clark, 785 So. 2d at 784-85. This exception is applicable in situations where the plaintiff is prevented by circumstances beyond his control from prosecuting the case. Id. The second exception is defendant-oriented, applicable when the defendant waives the right to assert abandonment by taking actions inconsistent with the intent to treat the case as abandoned. Id.
The Appellant argues that the trial court incorrectly applied the second exception to the abandonment rule. Under the second exception to the abandonment rule a defendant's postabandonment activity can suffice to constitute a waiver of the right to assert abandonment. Any activity by the defendant would have to be sufficient to constitute a "waiver" or "acknowledgment" for the exception to be applicable. Clark, 785 So. 2d at 789. The Supreme Court in Clark further stated that it is the quality of the steps taken which constitute a waiver. Id. Extrinsic evidence of a defendant's waiver is admissible to establish a defendant's acknowledgment of an obligation to the plaintiff. Id. However, the pertinent language in Clark establishes a far more stringent standard of waiver after prescription than before. Slaughter v. Arco Chem. Co., 05-0657 (La. App. 4 Cir. 4/26/06), 931 So. 2d 387.
In Theriot v. State, Dept. of Transp. & Dev., the court stated that an example of a waiver of the right to plead abandonment, or an acknowledgment, is a filing of an answer after the three year expiration period. 01-1420 (La. App. 1 Cir. 09/25/01), 809 So.2d 279. In Porter v. Progressive Specialty Ins. Co., the court noted that participating in status conferences, signing a case management schedule and filing an answer and reconventional demand after period are actions that constitute a waiver of abandonment. 99-2542 (La. App. 1 Cir. 11/8/00), 771 So. 2d 293.
In the case at hand, the appellee filed a Rule for Modification of Custody on April 12, 2000. As the appellee points out, the action not only sought for a revision in the child custody agreement, but also to terminate child support. On February 11, 2004, the appellant filed a motion seeking past due child support. The appellee contends that both parties filed actions regarding the same issue of child support. However, the focus of the April 12, 2000 filing was not primarily the issue of child support. Rather, the termination of child support was dependant on the main issue of modifying the child custody agreement. The issue of child support was but a consequence of a judgment.
Thus, the appellant's action does not relate or "acknowledge" the April 12, 2000 action of Mr. Miremont. The motion by the appellant was to enforce the January 12, 1998 judgment for past due child support and did not mention Mr. Miremont's claim. Therefore, the second exception to the abandonment rule does not apply in this case.
Given the facts of the case, and more particularly the sequence of events in this matter, we find the trial court erred in ruling that the action on April 12, 2000 made by Mr. Miremont has not been abandoned.

Child Support
As a result of the determination that the trial court erred in its ruling regarding the issue of abandonment, the issue of child support is remanded to the trial court.

Contempt
The trial court is vested with discretion in matters of contempt. The trial court is given great discretion in determining whether a party should be held in contempt for disobeying a court order. Leger v. Leger, 00-0505 (La. App. 1 Cir. 5/11/01), 808 So. 2d 632. The trial court's decision on an issue of contempt should only be reversed when the appellate court detects an abuse of that discretion. Id. (citing De Nunez v. Bartels, 97-1384 (La. App. 1 Cir 9/9/98), 727 So. 2d 463, 469-70).
In this case, Ms. Salvaggio and Mr. Miremont both filed motions to hold the other party in contempt of court. The trial court noted that both of the parties have ignored and disobeyed the orders of the Court. Ms. Salvaggio alleged that Mr. Miremont intentionally stopped paying child support in April 2000, contradictory to a Court order. Mr. Miremont alleged that Ms. Salvaggio violated a court order by moving out of the state with the minor child and disobeying visitation orders.
This court has found that the trial court has not abused its discretion in making the determination that "the slate should be wiped clean." We cannot say that the trial court erred in finding both parties not in contempt. That portion of the judgment is affirmed.

DECREE
For the above-mentioned reasons, the trial court erred in its ruling that the filing on April 12, 2000 was not abandoned. As a result of the reversal in judgment, the issue of child support payments is remanded. For the reasons stated above, the ruling of the trial court on the issue of contempt is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED
NOTES
[1] The Honorable Judge Dennis R. Bagneris, Sr., Judge, the Honorable Terri F. Love, Judge, and the Honorable Edward A. Lombard, Judge, all members of the Fourth Circuit Court of Appeal, are serving as judges ad hoc by special appointment of the Louisiana Supreme Court.